**Louisa Z. LEU, Plaintiff,**

**v.**

**Jean-Pierre LEU, Defendant.**

**Civ. A. No. 79–1299.**

United States District Court,
W. D. Pennsylvania.

Dec. 28, 1979.

W. McCook Miller, Jr., Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., for plaintiff.

Phyllis Raphael, Raphael, Sheinberg & Barmen, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

COHILL, District Judge.

On September 13, 1979, Louisa Z. Leu filed a complaint in this Court against her former husband, Jean-Pierre Leu. The plaintiff resides in Fox Chapel, Pennsylvania; the defendant resides in Canton deVald, Switzerland and is a citizen of that country. The plaintiff rests subject matter jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2) (1976). Service of process was accomplished by registered mail.

The complaint contains three counts. In Count One, the plaintiff claims a breach of contract, alleging that on September 14, 1977, Jean-Pierre Leu and she entered into a written contract (hereinafter referred to as the "Agreement"). In the Agreement, the defendant promised, *inter alia*, to ship certain household items from the former family homestead in Switzerland to the plaintiff's new residence in Pennsylvania. The plaintiff claims that the defendant has failed to ship these items, thus breaching the contract.

Count Two asserts a claim grounded on the tort of conversion. In this count the plaintiff alleges that she made a demand of the defendant to comply with the Agreement, that the defendant has failed to ship the specified items to her, and that he has converted the items to his own use.

Count Three presents a claim based on the tort of fraudulent misrepresentation. The plaintiff alleges that on or about December 11, 1977, the defendant, in Pennsylvania, told the plaintiff, in response to her inquiry, that he would soon ship to her the items in question. She avers that the defendant had no intention on December 11, 1977 of ever conveying the goods to her.

Plaintiff's counsel consented to an Order of Court granting the defendant sixty days from the date of service of summons to file an answer. Within this period, defendant's counsel filed a motion to dismiss for lack of subject matter jurisdiction and for lack of jurisdiction over the person pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. After reviewing the briefs of counsel and after hearing oral argument, we have determined that this Court has jurisdiction over the subject matter of this action but lacks jurisdiction over the person of the defendant.

### Subject Matter Jurisdiction

Section 1332(a) of Title 28 of the United States Code empowers a federal district court to hear a lawsuit between a citizen of a state and a citizen or subject of a foreign nation if the amount in controversy, excluding interest and costs, exceeds $10,000. The defendant admits that he is a citizen of Switzerland and that the plaintiff resides in Pennsylvania. He asserts, however, that the amount in controversy does not exceed $10,000.

■ A district court may not dismiss a complaint for failure to satisfy the jurisdictional amount requirement unless it appears to a legal certainty that the value of the claim is $10,000 or less. *See St. Paul Mercury Indemnity Co. v. Red Cab Company*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Nelson v. Keefer*, 451 F.2d 289, 292–93 (3d Cir. 1971). The plaintiff attached to her complaint a detailed list of the items that allegedly are covered by the Agreement. After carefully reviewing the list, we cannot say that the plaintiff acted in bad faith by assessing the value of the property at more than $10,000 or that the property definitely is not worth more than $10,000. We believe that a hearing on the question of jurisdictional amount, at which both parties undoubtedly would parade their respective appraisers before the Court, would serve no benefit. Therefore, we hold that the plaintiff has satisfied the jurisdictional amount requirement of section 1332(a).

### Jurisdiction Over the Person

■ For the purpose of addressing the defendant's motion to dismiss for lack of jurisdiction over the person, we will take the allegations set forth in the plaintiff's complaint as true and we will accept certain indisputable facts. *See Marketing Showcase, Inc. v. Alberto-Culver Co.*, 445 F.Supp. 755, 760 (S.D.N.Y.1978). The plaintiff must rely on the Pennsylvania long-arm statute, 42 Pa.Cons.Stat.Ann. § 5322 (Purdon's 1979 Pamphlet), to obtain personal jurisdiction over the defendant. In addition to specifying a limited number of particular bases of personal jurisdiction, section 5322(b) permits a Pennsylvania court to exercise personal jurisdiction over a person "to the fullest extent allowed under the Constitution of the United States."

■ At the core of this case lies a possible breach of contract. We will not recognize the attempt by the plaintiff to bring this case within the Pennsylvania long-arm statute by recasting a failure to comply with the contract as a conversion. Moreover, any conversion would have occurred in Switzerland, not in Pennsylvania, because the plaintiff maintains that the goods remain with the defendant in Switzerland. We also decline to accept the characterization of a simple acknowledgment of existing obligations under the Agreement as a fraudulent misrepresentation. The defendant admits that he entered into a contract. He either fulfilled that contract or he breached it. On the facts alleged in the complaint, the plaintiff can prosecute only an action for a breach of contract.

Support for our rejection of Counts Two and Three of the complaint as bases for personal jurisdiction comes from Judge Weinstein's opinion in *Stanat Manufacturing Co. v. Imperial Metal Finishing Co.*, 325 F.Supp. 794 (E.D.N.Y.1971). The plaintiff in *Stanat Manufacturing*, a New York corporation, filed suit in the Eastern District of New York against a California corporation. The defendant had ordered a machine from plaintiff to be used in California. All negotiations occurred in California and the defendant accepted the plaintiff's offer in California. The defendant was not licensed to conduct business in New York, and it did not do any business in New York.

After the parties had signed the contract, but before shipment of the equipment, the defendant telephoned the plaintiff in New York and "obtained a modification of the terms of payment in the contract. Instead of payment of sixty percent of the purchase price prior to shipment of the machinery, twenty percent was to be paid prior to shipment and forty percent was to be paid immediately upon delivery." 325 F.Supp.

at 795. Subsequently, the plaintiff delivered the machine but the defendant failed to pay the forty percent. The plaintiff filed suit to obtain the money. The defendant moved to dismiss for lack of jurisdiction over the person.

Under the New York long-arm statute, the plaintiff could only obtain personal jurisdiction over the defendant if the court could find that the defendant had committed a tortious act within New York. In its complaint, the plaintiff alleged "that at the time of the renegotiation of the payment terms defendant never intended to pay the forty percent upon delivery and, in effect, committed a fraud by inducing shipment on the basis of a promise never intended to be kept." *Id.* Judge Weinstein granted the defendant's motion to dismiss, stating:

> If a plaintiff could, merely by alleging that a contracting party never intended to fulfill his promise, create a tortious action in fraud, there would be no effective way of preventing almost every contract case from being converted to a tort for jurisdictional purposes. . . .
>
> The plaintiff's lawyer almost always alleges fraud in good faith; for, by the time of the falling out between contracting parties, a prospective plaintiff will usually have some grounds for believing that his opponent never intended to deal with him faithfully. Protestations of the defendant will be met by the argument that they are self-serving. Because it would make little sense to try this threshold issue separately, the allegation of fraud would have to be assumed to be true in every case.
>
> Accepting plaintiff's theory would have the effect of an unwarranted and unintended extension of "long arm" jurisdiction to almost any contract action where plaintiff was a New York domiciliary.

*Id.* at 796. Although the forms of action have decreased importance under modern procedural rules, courts may not permit parties to use them interchangeably if a statute distinguishes between assumpsit and tort. Applying *Stanat Manufacturing* to the present case precludes the plaintiff from transforming her contract action into an action for conversion or fraudulent misrepresentation for the purpose of creating a basis for personal jurisdiction.

■ The issue in the present case becomes whether the plaintiff can obtain personal jurisdiction over the defendant through the Pennsylvania long-arm statute in a contract action. In *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Supreme Court established the basic, constitutional due process standard for the assertion by a state of personal jurisdiction over a person. That test asks whether the defendant's conduct establishes "sufficient contacts or ties with the state of the forum to make it reasonable and just according to our traditional conception of fair play and substantial justice to permit the state" to subject him to its courts. *Id.* at 320, 66 S.Ct. at 160. Fairness is a relative term. Courts have properly recognized that a state could justly require a corporation—which often has substantial resources and which intentionally ships its products into various jurisdictions—to send its representatives considerable distances to defend an action whereas a state could not justly require a natural person—who generally has limited resources—to travel the same distance. *Cf. Hutson v. Fehr Brothers, Inc.,* 584 F.2d 833, 837 (8th Cir.), *cert. denied,* 439 U.S. 983, 99 S.Ct. 573, 58 L.Ed.2d 654 (1978) (tremendous expense of trying lawsuit in distant jurisdiction may force settlement); *Swafford v. Avakian,* 581 F.2d 1224, 1227–28 (5th Cir. 1978), *cert. denied,* 440 U.S. 959, 99 S.Ct. 1500, 59 L.Ed.2d 772 (1979) (distinction exists "between commercial and non-commercial activity for purposes of determining the scope of a state's long-arm statute"); *Garrett v. Ruth Originals Corp.,* 456 F.Supp. 376, 383 & n.8 (S.D. Ohio 1978) (husband and wife defendants do not have same financial ability as corporation to defend suit in foreign forum).

In *Kulko v. California Superior Court,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), the Supreme Court discussed personal jurisdiction in a non-commercial context.

*Kulko* arose from an action for child support filed in California against a New York resident. The parties had been married in California while the husband was serving in the military, but they established their marital home in New York. When the marriage deteriorated, the parties entered into a separation agreement in New York. The wife moved to California. Under the separation agreement, the children were to live in New York during the school year and live with their mother during vacations. The agreement called for the husband to pay his wife $3,000 per year per child to cover their expenses for the period that the children lived in California. After a year and a half, one of the children asked her father if she could reverse the living arrangement. He agreed, buying her a one-way ticket to California. Two years later, a second child took up permanent residence with his mother.

The wife subsequently filed suit in California against the husband for increased child support payments. The husband moved to dismiss the action for lack of jurisdiction over the person. Denying the motion, the California court held that it had personal jurisdiction over the husband. It rested the finding of jurisdiction on the defendant's acquiescence to his daughter's desire to live with her mother for the bulk of the year. By living in California on a permanent basis, the child would benefit from various state services. The California appellate courts affirmed the trial court's ruling.

The United States Supreme Court reversed, holding that the exercise of *in personam* jurisdiction by California in this case would violate the Due Process Clause of the Fourteenth Amendment. Noting that the benefits would accrue to the daughter rather than the father, the Court found that the New York resident did not purposefully avail himself of the benefits and protections of California's law simply by acceding to his daughter's request. 436 U.S. at 94 & n. 7, 98 S.Ct. 1690. Although recognizing "that California has substantial interests in protecting resident children and in facilitating child-support actions on behalf of those chil-dren," the Court concluded that "these interests simply do not make California a 'fair forum' . . . in which to require appellant, who derives no personal or commercial benefit from his child's presence in California and who lacks any other relevant contact with the State, either to defend a child-support suit or to suffer liability by default." *Id.* at 100–01, 98 S.Ct. at 1701.

The present case closely parallels *Kulko*; both are non-commercial contract actions. In the present case, the marital domicile was Switzerland, the contract arose in Switzerland, the goods allegedly are in Switzerland and the defendant continues to reside in Switzerland. The plaintiff is the person who left Switzerland and came to live in Pennsylvania. Now she seeks to force a natural person to travel from Switzerland to Pennsylvania to defend a law suit. The defendant did travel to Pennsylvania in 1977 to attempt to see his daughter, and while in Pennsylvania he filed a partial custody action in a court of the Commonwealth. As the Supreme Court stated in *Kulko*, however, "[t]o hold such temporary visits to a State a basis for the assertion of *in personam* jurisdiction over unrelated actions arising in the future would make a mockery of the limitations on state jurisdiction imposed by the Fourteenth Amendment." 436 U.S. at 93, 98 S.Ct. at 1697.

We find that a violation of due process would occur if we permitted this action to proceed. For this reason, on this 28th day of December, 1979, IT IS ORDERED, ADJUDGED AND DECREED that Civil Action 79–1299 be and hereby is dismissed for lack of jurisdiction over the defendant.