**Samuel ABADY**

v.

**Maria MACALUSO, Yolanda Macaluso.**

Civ. A. No. 80–4281.

United States District Court,
E. D. Pennsylvania.

July 14, 1981.

---

Donald S. Bronstein, Philadelphia, Pa., for plaintiff.

Maria Macaluso, pro se.

Philip A. Bertocci, R. Michasel Owens, Community Legal Services, Inc., Philadelphia, Pa.; for defendant Yolanda Macaluso.

## OPINION

LUONGO, District Judge.

Plaintiff, Samuel Abady, brought this diversity action *pro se* against Maria Macaluso (Maria) and her mother, Yolanda Macaluso (Yolanda)[1] alleging tort and contract claims arising out of the break-up of a personal relationship he had had with Maria. Maria counterclaimed alleging that Abady committed numerous torts. Abady has since obtained counsel and has amended his complaint.[2] Presently before me are defendant Yolanda's motion to dismiss the amended complaint for lack of personal jurisdiction and improper venue, F.R.Civ.P. 12(b)(2) & (3), and plaintiff's motion to dismiss Maria's counterclaim for lack of sub-

---

1. Plaintiff's original complaint also stated claims against John Klano and Barbara Macaluso. Abady, however, in amending his complaint, specifically dropped all claims against those parties.

2. The amended complaint was filed on April 21, 1981. On May 21, 1981, I entered an Order granting Maria's counsel leave to withdraw from this case. As of this date Maria has not filed an answer to the amended complaint.

ject matter jurisdiction and failure to state a claim upon which relief can be granted, F.R.Civ.P. 12(b)(1) & (6).

### 1. *Yolanda's Motion to Dismiss*

Plaintiff alleges that Yolanda promised to pay him $7,000 if he refrained from bringing suit against her daughter Maria. Upon Yolanda's failure to pay, Abady asserts claims of breach of contract and misrepresentation, and further asserts that he has suffered financial loss and emotional distress in excess of $10,000. Yolanda moves to dismiss the amended complaint on the grounds of lack of personal jurisdiction and improper venue. Because this court lacks jurisdiction over Yolanda, I do not reach the issue of venue.

▆▆ At the outset it should be noted that since Yolanda initially filed a *pro se* answer to Abady's original complaint, there is some question as to whether she has preserved her jurisdictional objection. Normally, the filing of an answer precludes a defendant from thereafter raising the defense of lack of personal jurisdiction by motion. *See Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 757 n.4 (3d Cir. 1973). Further, a party may not raise a personal jurisdictional objection to an amended complaint if she waived that objection to the initial complaint. *Rowley v. McMillan,* 502 F.2d 1326 (4th Cir. 1974). However, in the instant case, Yolanda raised her objection in her *pro se* answer as an affirmative defense and Rule 12(b) of the Federal Rules of Civil Procedure provides that:

> "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (2) lack of jurisdiction over the person .... *No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading.*"

(Emphasis supplied).

Accordingly, Yolanda did not waive her right to question this court's in personam jurisdiction over her. *Neifeld v. Steinberg,* 438 F.2d 423, 427 (3d Cir. 1971); 2A Moore, Federal Practice ¶ 12.12 at 2319–2321 (2d ed. 1980).[3]

Turning to the merits of Yolanda's jurisdictional argument she asserts the familiar claim that since she is a resident of New Jersey she lacks sufficient contacts with Pennsylvania to allow this court to exercise jurisdiction over her.

▆▆ Rule 4(e) of the Federal Rules of Civil Procedure authorizes a district court to assert personal jurisdiction over a nonresident to the extent permitted under state law. 2 Moore's Federal Practice ¶ 4.42[2] at 4.530–531 (2d ed. 1980). Under the Pennsylvania long-arm statute, 42 Pa.Con.Stat. Ann. § 5321 *et seq.* (Purdon's Pamphlet 1980), the courts of this Commonwealth are permitted to exercise jurisdiction over nonresidents as long as the requirements of due process are satisfied. *Id.* § 5322(b) and (d); *Baron & Co., Inc. v. Bank of New Jersey,* 497 F.Supp. 534, 537 (E.D.Pa.1980); *Donner v. Tams-Witmark Music Library, Inc.,* 480 F.Supp. 1229, 1232 (E.D.Pa.1979).[4] The due

---

**3.** Because of my resolution of Yolanda's motion to dismiss for lack of in personam jurisdiction I need not consider her contention that venue in this court is improper. It should be noted, however, that she may have waived that objection since, unlike her jurisdictional objection, she did not raise the issue of venue in her answer to the original complaint. *See T & R Enterprises v. Continental Grain Co.,* 613 F.2d 1272, 1277 (5th Cir. 1980).

**4.** Plaintiff contends that jurisdiction over Yolanda is proper pursuant to 42 Pa.Cons.Stat. Ann. § 5322(a)(4)(5) which permits the exercise of jurisdiction when a person's acts, committed either within or outside of the Commonwealth, cause harm or tortious injury in the Commonwealth. However, satisfaction of the statutory standard does not obviate the necessity of making a constitutional inquiry. The mere occurrence of harm within a state is not, in and of itself, a sufficient ground to allow the courts of that state to exercise jurisdiction over a nonresident as a matter of due process. *See World-Wide Volkswagen v. Woodson,* 444 U.S. 286, 295, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1980). Further, since Pennsylvania allows the exercise of jurisdiction to the extent permitted by due process, there is limited utility in engaging in extensive statutory analysis. *See Don-*

process clause requires that there be minimum contacts between the defendant and the forum state for jurisdiction over a non-resident to be proper. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). In determining whether there are sufficient contacts for the exercise of jurisdiction a court must ask whether "the quality and nature of the defendant's activity is such that it is reasonable to require [that it] conduct its defense in that state." *Kulko v. Superior Court of California,* 436 U.S. 84, 92, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132 (1978). In considering Yolanda's Rule 12(b)(2) motion the well pleaded allegations of the complaint must be taken as true. *Leu v. Leu,* 481 F.Supp. 899, 901 (W.D.Pa. 1979).

■ As above noted, plaintiff alleges that Yolanda breached a contract and committed the tort of misrepresentation. Abady concedes that all of Yolanda's activities in relation to the above claims occurred in New Jersey. *See* Plaintiff's Response to Defendant Yolanda Macaluso's Motion to Dismiss, Document No. 24, at 3. Despite Yolanda's complete lack of contacts with Pennsylvania in relation to this action, plaintiff contends that, because Yolanda caused foreseeable harm in this Commonwealth, jurisdiction is proper pursuant to 42 Pa.Cons.Stat.Ann. § 5322(a)(4–5) (Purdon Pamphlet 1980).

Abady's reliance on the provisions of the Pennsylvania Long-Arm Statute is misplaced since mere compliance with the Long-Arm Statute does not, as a matter of law, satisfy the due process clause. *See* footnote 3, *supra.* In *World-Wide Volkswagen, supra,* the Supreme Court made it abundantly clear that the mere fact that harm occurs in a state is insufficient, without more, to vest a court with the power to

exercise jurisdiction over a non-resident. *See* 444 U.S. at 296–297, 100 S.Ct. at 566–567. The Court also rejected the notion that the foreseeability of harm in the forum is a sufficient ground for the exercise of jurisdiction. The Court wrote that the "foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum state are such that he would reasonably anticipate being haled into court there." *Id.* at 297, 100 S.Ct. at 567. In the instant case plaintiff has simply failed to allege that Yolanda had any contacts or connections with Pennsylvania in light of his admission that everything relevant to this action occurred in New Jersey.

Neither of the principal cases cited by plaintiff, *B. J. McAdams, Inc. v. Boggs,* 426 F.Supp. 1091 (E.D.Pa.1977) and *Sunn Classic Pictures, Inc. v. Budco, Inc.,* 481 F.Supp. 382, 385 (E.D.Pa.1979), supports plaintiff's position that jurisdiction in the instant case is proper. In *Boggs,* I found that the defendants' contacts with Pennsylvania, which consisted of final negotiations and contract consummation, were of a sufficient quality to allow this court to exercise jurisdiction, whereas in the instant case, the defendant, Yolanda, had no contacts with the forum at all in relation to the cause of action. Similarly, *Sunn Classic Pictures* is inapposite. While Judge Bechtle's opinion in that case could be interpreted as allowing the exercise of jurisdiction on the grounds of reasonable foreseeability of harm, it was decided prior to the *World-Wide Volkswagen* Court's limitation of the minimum contacts doctrine. Further, in *Sunn,* the court was swayed by the fact that the defendant corporation had written notice that its product was to be shipped into Pennsylvania. Judge Bechtle also pointed out that, considering the dearth of contacts in that

---

ner v. Tams-Witmark Music Library, Inc., 480 F.Supp. 1229, 1231 (E.D.Pa.1979). In light of the expansive reach of the long-arm statute, the express criteria contained within it are analytically useful because they are indications of Pennsylvania's public policy to accord a forum for its citizens in such cases, a relevant although not controlling factor in minimum con-

tacts analysis. *Cf. McGee v. International Life Insurance Co.,* 355 U.S. 220, 221, 78 S.Ct. 199, 200, 2 L.Ed.2d 223 (1957). In the instant case Pennsylvania's public policy to afford a forum to its citizens pursuant to § 5322(a)(4) & (5) of its Long-Arm Act is not entitled to great weight since plaintiff is a citizen of Virginia.

case, the result might have been different if the defendant had been an individual rather than a corporation. 481 F.Supp. 386.

In the instant case, plaintiff has not alleged any contacts between Yolanda and Pennsylvania, and submitted nothing to indicate that Yolanda "purposely affiliated" herself with this forum. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958); *Proctor & Schwartz v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 323 A.2d 11, 15 (1974). Accordingly, since "[t]he Due Process Clause 'does not contemplate that a state may make binding a judgment *in personam* against an individual with which the state has no contacts, ties, or relations,'" *World-Wide Volkswagen, supra*, 444 U.S. at 294, 100 S.Ct. at 565 (citation omitted) Yolanda's motion to dismiss will be granted.

### 2. *Plaintiff's Motion to Dismiss Counterclaim*

Plaintiff moves to dismiss Maria's counterclaim on the grounds that it fails to state a claim upon which relief can be granted and that this court lacks subject-matter jurisdiction. Although this motion is subject to dismissal because of plaintiff's failure to file a brief in support thereof as required by Rule 20 of the Local Rules, I have nevertheless considered the motion on the merits and conclude that it must be denied.

■ Each of the counts of Maria's counterclaim sets forth claims upon which relief can be granted. In Count I, Maria alleges facts which, if proven, would state claims for assault, battery, false imprisonment and intentional infliction of emotional distress. Count II sets forth a straightforward claim of false imprisonment and Count III can be construed as claiming trespass to land, trespass to chattels, conversion and intentional infliction of emotional distress. In Count IV, Maria alleges that plaintiff entered her apartment without permission and read personal correspondence. This states a claim for the tort of invasion of privacy by intrusion of seclusion. *Vernars v. Young*, 539 F.2d 966, 968 (3d Cir. 1976). Count V, again, is a clear claim of trespass to land and Count VI sets forth a straightforward

claim of intentional infliction of emotional distress.

Plaintiff has also moved to dismiss the counterclaim for lack of subject matter jurisdiction, contending that Maria failed to allege the requisite jurisdictional amount.

Rule 13(a) provides that "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." F.R. Civ.P. 13(a).

It has been held that a counterclaim is within Rule 13(a) and, therefore, compulsory "if it bears a 'logical relationship' to an opposing party's claim." *Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3d Cir. 1961). The *Great Lakes* court stated that a counterclaim and claim are logically related when

... separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts. Where multiple claims involve many of the same factual issues, or the same factual and legal issues, or where they are off shoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action.

■ A comparison of the complaint and counterclaim in the instant case reveals that they are indeed offshoots of the same basic controversy. The thrust of plaintiff's amended complaint is that Maria converted his property and acted wrongfully in preventing him from retrieving that property. Maria's counterclaim is predicated entirely on alleged wrongs committed by plaintiff in the course of attempting to recover the alleged converted property. It is obvious that to resolve both claims, it will be necessary to delve into the same conversations and meetings. Therefore, Maria's claim is clearly a compulsory counterclaim.

It is well settled that "no independent jurisdictional grounds are necessary for such a counterclaim nor need independent grounds be pleaded even if they exist, because a compulsory counterclaim may properly come before the court supported only by jurisdiction ancillary to the original claim." *National Research Bureau, Inc. v. Bartholomew*, 482 F.2d 386, 389 (3d Cir. 1973). Accordingly, plaintiff's motion to dismiss the counterclaim for lack of subject matter jurisdiction will be denied.