BELLANTE, CLAUSS, MILLER & PARTNERS, formerly known as Bellante, Clauss, Miller & Nolan, Plaintiff,

v.

Sheikh Hussein ALIREZA and Haji Hussein Alireza Co., Ltd., Defendants.

Civ. No. 84–1637.

United States District Court, M.D. Pennsylvania.

Dec. 20, 1985.

**520**

John H. Appleton, Nogi, O'Malley, Harris & Schneider, P.C., Scranton, Pa., and Howard F. Cerny, New York City, for plaintiff.

Frank J. McDonald, Haggerty, McDonnell & O'Brien, Scranton, Pa., Thomas Lane Anderson and Robert C. Mickle, Jr., Rawle & Henderson, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff, Bellante, Clauss, Miller & Partners, ("Bellante") a partnership organized and existing under the laws of Pennsylvania, having a principal place of business in Pennsylvania, brought this breach of contract action against Defendants, Sheikh Hussein Alireza ("Sheikh") and Haji Alireza Co. ("Haji") on December 5, 1984. Defendant Sheikh is a citizen and subject of Saudi Arabia. Defendant Haji is a foreign corporation duly organized and existing under the laws of Saudi Arabia, having a principal place of business in Saudi Arabia. *See* Complaint at Document 1 of the Record and Defendants' Motion to Dismiss Complaint at Document 6 of the Record. The Complaint seeks in excess of ten thousand ($10,000.00) dollars, exclusive of interest and costs. Therefore, this court has jurisdiction pursuant to 28 U.S.C. § 1332. Venue of this court is proper because plaintiff has its principal place of business within the venue of the Middle District of Pennsylvania. *See* 28 U.S.C. § 1391.

On March 14, 1985, defendants filed a Motion to Dismiss the Complaint for lack of personal jurisdiction over defendants or, in the alternative, based on the principles of *forum non conveniens.* Along with the motion, defendants filed a supporting brief and Affidavit of Defendant Sheikh. Plaintiff responded to this motion by filing an Initial Pretrial Memorandum and an Affidavit in Opposition on March 29, 1985. Also, plaintiff filed a Memorandum of Law on March 29, 1985. Plaintiff supplemented its response to defendants' motion by filing an Affidavit of Lawrence Bellante and an Affirmation dated May 22, 1985. Defendants filed a reply to plaintiff's Affidavit and Affirmation on June 18, 1985. Defendants also requested permission to file counter affidavits in response to plaintiff's affidavits but subsequently informed the court by letter dated August 7, 1985 that such affidavits would not be forthcoming and that defendants had no objection to a decision being rendered based on the existing record. Oral argument was held on Sep-

tember 18, 1985. The court raised questions concerning the accurate factual background, *see* Transcript of Oral Argument, Document 19 of the Record at 2, and it was indicated that the Record would be supplemented in response to the court's inquiries. The parties were given twenty (20) days to file supplemental briefs and/or affidavits in support of their positions.[1] Plaintiff responded by filing a Brief in Opposition to Defendants' Motion to Dismiss on November 29, 1985. *See* Document 21 of the Record. The matter is now ripe for disposition. For the reasons set forth below, the Motion to Dismiss will be granted.

### FACTUAL BACKGROUND

On or about February 25, 1978, the Sheikh contracted with Bellante to obtain design services in connection with the construction of the Sheikh's primary residence in Saudi Arabia ("Villa"). A second contract, entered into on or about February 25, 1978, involved design services in connection with the construction of a commercial center for Defendant Haji in Saudi Arabia. Therefore, both contracts concerned the performance of design services for structures located in Saudi Arabia.

Both contracts were negotiated between the Sheikh and L.G. Vastardis. The contracts were offered and submitted on behalf of Bellante by L.G. Vastardis and signed by Vastardis, a duly authorized representative of Bellante. *See* Complaint at Document 1 of the Record and Brief in Support of Defendants' Motion to Dismiss at Document 6 of the Record. In fact, the court made specific inquiries concerning Vastardis' relationship with Bellante. *See* Transcript of Oral Argument, Document 19 of the Record at 2–5. Copies of both contracts have been submitted to the court.

The contracts show that the Sheikh executed the contract regarding his own villa and also executed the contract on behalf of Haji. The Sheikh is the Managing Director of Haji, a position he has held for approximately twenty-five years. *See* Document 6 of the Record. In their Motion to Dismiss, defendants allege that they lack the "minimal contacts" with this forum necessary to assert personal jurisdiction. *See* Document 6 of the Record. In support, defendants allege that all contract negotiations took place in Jeddah, Saudi Arabia. *See* Affidavit of Hussein Alireza at ¶ 6, Document 6 of the Record. Plaintiff apparently does not contest this. Plaintiff, however, alleges that Vastardis negotiated the contracts in Saudi Arabia, but that he kept in touch with Bellante in Pennsylvania. Assuming *arguendo* that this is true, there is no indication that the Sheikh negotiated with anyone other than Vastardis. *See* Transcript of Oral Argument, Document 19 of the Record at 5. Furthermore, there is no indication in the Record that the Sheikh knew that Vastardis was "getting instructions" concerning contract terms from Bellante in Pennsylvania. *Id.* at 22. Both contracts are prepared on the letterhead of Bellante, Clauss, Miller, Nolan & Vastardis which includes an address of Korai Three, Athens, Greece. *See* Exhibits A and B of Defendants' Brief in Support of Defendants' Motion to Dismiss, Document 6 of the Record.[2] The Athens address is the only address mentioned in either contract. Any Pennsylvania address Bellante may use is not disclosed in the contract documents. Defendants contend that at no time during the contract negotiations did the Sheikh have communications, either oral or written, with any partner, representative or agent of Bellante in Pennsylvania. De-

---

**1.** Plaintiff's request for an extension of time to file additional documentation was orally granted and plaintiff was given an additional seven (7) days to respond. No documentation was filed. By Order dated November 12, 1985, plaintiff was granted ten (10) days to file documentation in opposition to defendants' motion. The court advised plaintiff that a failure to file additional documentation would result in the conclusion that plaintiff did not desire to file additional documentation. While plaintiff filed a supplemental brief on November 29, 1985, no additional affidavits or other documentation has been submitted.

**2.** The court notes that the copies of the contracts attached to plaintiff's Complaint do not contain the letterhead information apparently contained in the original contracts.

fendants further allege that the Sheikh has never been to Pennsylvania and Haji has no offices, agents, representatives or employees in Pennsylvania. Apparently, plaintiff does not contest this. *See* Document 6 of the Record at 3 and Affirmation of plaintiff at Document 15 of the Record at 2. Defendants also assert that the Sheikh does not own or possess any assets or real property in Pennsylvania nor has he ever solicited or transacted any business in Pennsylvania. Similarly, defendants allege that Haji does not own or possess any assets or real property in Pennsylvania, nor does it solicit or transact any business in Pennsylvania. On the other hand, plaintiff contends that jurisdiction is proper because defendants collectively or individually knew that plaintiff was a Pennsylvania concern and that the design, creation and use of intellectual expertise were intended to be done in Pennsylvania. *See* Documents 8, 9, 14 and 15 of the Record. With this factual background in mind, the court now turns to the merits of the motion.

## DISCUSSION

Rule 4(e) of the Federal Rules of Civil Procedure permits a district court to assert personal jurisdiction over a non-resident to the extent allowed under the law of the state where the district court sits. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61 (3d Cir.1984). Plaintiff claims that jurisdiction is proper pursuant to Pennsylvania's Long Arm Statute. *See* Initial Pretrial Memorandum at Document 7 of the Record. The Pennsylvania Long Arm Statute, Pa.Cons.Stat.Ann. tit. 42, § 5322(b) (Purdon 1981), allows a court to exercise jurisdiction over a person "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." Therefore, the reach of the Pennsylvania statute

is coextensive with the due process clause of the United States Constitution.[3] *See Time Share Vacation Club v. Atlantic Resorts, Ltd., supra.*

In general, "the central concern of a jurisdictional inquiry is the relationship among the defendant, the forum and the litigation." *Max Daetwyler Corp. v. R. Meyer, Corp.,* 762 F.2d 290, 293 (3d Cir. 1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985). Under the due process clause, a court may not exercise personal jurisdiction over a non-resident defendant unless there are certain minimum contacts between the defendant and the forum state. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Essentially, in determining the jurisdictional issue, a court must ask whether "the quality and nature of the defendant's activity is such that it is reasonable and fair to require that it conduct its defense in that state." *Kulko v. Superior Court of California,* 436 U.S. 84, 92, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316–17, 66 S.Ct. 154, 158–59, 90 L.Ed. 95 (1940)). In order for a non-resident defendant to be subject to the jurisdiction of the court, it must have "purposefully availed itself of the privilege of acting within the forum state." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Once the jurisdictional defense has been raised, plaintiff bears the burden of demonstrating contacts with the forum state sufficient to give the court *in personam* jurisdiction under this analysis. *See Time, Share Vacation Club v. Atlantic Resorts, Ltd., supra.* Plaintiff must establish *in personam* jurisdiction over defendants and ordinarily discovery is permitted in order to aid plaintiff in discharging this burden. *See Compagnie Des Bauxites DeGuinee v. L'Union,* 723 F.2d 357 (3d Cir.1983). In the

---

**3.** Plaintiff does not allege that jurisdiction is proper under any of the "specific act" sections of the Pennsylvania statute. *See* Pa.Cons.Stat. Ann. tit. 42, § 5322(a) (Purdon 1981). Plaintiff relies on § 5322(b) to assert jurisdiction over

defendants. The court notes that this section represents the greatest extent to which jurisdiction can be asserted over a non-resident defendant.

present case, plaintiff has been given ample opportunity to establish facts sufficient to confer *in personam* jurisdiction over defendants. *See supra,* n. 1 at 521. Therefore, the court finds that plaintiff had sufficient time to show the requisite jurisdictional facts. The issue concerning both defendants is whether plaintiff has established that defendants had sufficient contact with the Commonwealth of Pennsylvania such that this court may properly exercise jurisdiction over them.

In undertaking the due process analysis for determining jurisdiction, the status of the parties should not be determinative. *See Dollar Savings Bank v. First Security Bank of Utah,* 746 F.2d 208 (3d Cir. 1984). "It is questionable judicial policy to apply a different jurisdictional rule to individuals than to corporations...." *Id.* at 214. While a corporation may have greater contacts with a forum in a great number of cases, in the present case the factual contacts for both defendants are similar. Therefore, the same analysis applies to both defendants.

4. Pennsylvania courts have articulated the constitutional standards of due process as they are incorporated into the Pennsylvania statute. In *Proctor & Schwartz v. Cleveland Lumber Co.,* 228 Pa.Super. 12, 323 A.2d 11 (1974), the court developed a three-step analysis to determine whether or not sufficient contacts are present for the exercise of jurisdiction. First the defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws. Second, the cause of action must arise from the defendant's activities within the forum state. Lastly, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable. *Id.* at 19, 323 A.2d at 15. Courts in this circuit have followed the two-step inquiry which has been consistently applied by the Third Circuit. *See Simkins Corp. v. Gourmet Resources Int'l, Inc.* 601 F.Supp. 1336 (E.D. Pa.1985). While this court is not obliged to follow the Pennsylvania courts' interpretation of the United States Constitution and is free to assess independently the constitutional permissibility of the exercise of jurisdiction over foreign defendants, it should be noted that the Pennsylvania courts' constitutional analysis roughly parallels the inquiry followed by this circuit. Thus, the analysis would be essentially the same even if the Pennsylvania courts' interpretation was followed.

The Third Circuit has undertaken a two step analysis to determine if personal jurisdiction over a non-resident defendant is proper.[4] As the Third Circuit Court of Appeals has noted:

The initial determination that must be made is whether the claim or cause of action which is being pursued arises from the defendant's forum related activities or from non-forum related activities.

*Reliance Steel Products Co. v. Watson, Ess, Marshall and Enggas,* 675 F.2d 587, 588 (3d Cir.1982). This step corresponds to the second step of the Pennsylvania courts' analysis. *See supra,* n. 4 at 523. The present case clearly involves a claim which arises from the defendants' forum related activities.[5]

Secondly, the court must determine whether there are enough contacts with the forum *arising out of that transaction* in order to justify the assertion of jurisdiction over the out-of-state defendant. *See Reliance Steel Products Co. v. Watson, Ess, Marshall and Enggas, supra.* In this

5. Unless a defendant has "continuous and systematic general business contacts" with the forum state, the cause of action must arise from those activities within the state which would give rise to personal jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The court must determine whether the plaintiff seeks to obtain general jurisdiction or specific jurisdiction over the defendants. The first, general jurisdiction, exists when the claim does not arise out of or is unrelated to the defendant's contacts with the forum. *See Dollar Savings Bank v. First Security Bank of Utah,* 746 F.2d 208 (3d Cir.1984). The second, specific jurisdiction, is invoked when the claim is related to or arises out of the defendant's contacts with the forum. *Id.* The minimum contacts analysis is insufficient when the defendant's forum activities do not give rise to the claim. In invoking general jurisdiction, the plaintiff must demonstrate that the defendant maintained "continuous and substantial forum affiliations." *See Dollar Savings Bank v. First Security Bank of Utah, supra.* There is no factual basis to support general jurisdiction over either defendant in this case. Therefore, the court proceeds with the analysis concerning specific jurisdiction only.

step, a court must determine if a defendant has "purposefully availed itself of doing business in the forum" and if it is reasonable to assert jurisdiction over that defendant. In other words, "the defendant's conduct and connection with the forum State ... [must be] such that he should reasonably anticipate being haled into court there." *Gehling v. St. George's School of Medicine, Ltd.*, 773 F.2d 539, 541 (3d Cir. 1985) *citing World-wide Volkswagen Corp. v. Woodson, supra.* The nature of this analysis is such that there is no consistent rule to be applied in every case. Thus, each fact must be independently examined in light of this analysis.

Defendants are residents of Saudi Arabia. Defendants' only contact with this jurisdiction, as alleged by Bellante, concerns the present contracts before the court. Both contracts were executed by the Sheikh in Jeddah, Saudi Arabia on February 25, 1978. L.G. Vastardis, who operated the office in Athens, Greece, executed both contracts on behalf of Bellante. Bellante does not allege that any part of the contracts was negotiated in this jurisdiction. *See supra*, at 521. On the other hand, the facts indicate that the contracts were negotiated entirely in Saudi Arabia.

Plaintiff's primary contention regarding defendants' contact with the Commonwealth is that defendants "knew or should have known that the contract would be performed in Pennsylvania." *See* Plaintiff's Memorandum of Law at Document 9 of the Record. As plaintiff alleges:

> ... the design and drawing of plans was to be performed in Pennsylvania although it is true that the actual construction was to be done in Saudi Arabia. However, the design, creation and the use of intellectual expertise was intended and was done in the state of Pennsylvania. This provides minimum contacts in Pennsylvania.

*Id.*

■ The Supreme Court of the United States has made clear that the unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state. *See Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). As the Supreme Court stated:

> the unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws.

*Id.* at 253, 78 S.Ct. at 1239. Thus, plaintiff's reliance on the fact that it performed work in Pennsylvania in accordance with the contract, by itself, is insufficient to exercise jurisdiction over defendants. The fact that a plaintiff performs activities in this jurisdiction, albeit in compliance with the terms of a contract with the defendants, does not establish that defendants had the requisite contact to establish jurisdiction. *See Time Share Vacation Club v. Atlantic Resorts, Ltd., supra.*

Plaintiff alleges that defendants knew such work was to be done in Pennsylvania and that this knowledge establishes personal jurisdiction. In plaintiff's Memorandum of Law, *see* Document 9 of the Record, it states that:

> ... this case was not one of unilateral activity. The defendants well knew that the work to be performed was going to be performed by the plaintiff in the state of Pennsylvania. This expectation is enough to assert the jurisdiction of a Pennsylvania court and therefore this court's jurisdiction.

Plaintiff cites no case supporting this proposition, but instead relies on the fact that Pennsylvania's Long Arm Statute is to be exercised to the fullest extent allowable under the Constitution.

In *Time Share Vacation Club v. Atlantic Resources, Ltd., supra,* our Court of Appeals addressed a similar allegation by a plaintiff seeking to assert jurisdiction over

a non-resident defendant. The Third Circuit stated that what is required is actual evidence that by entering into the contract the particular defendant could foresee impact within Pennsylvania. This would demonstrate that a defendant had "purposefully availed itself of the forum's laws." A conclusory statement restating an ultimate fact which the plaintiff must prove is insufficient. *Id.* See *infra*, n. 8 at 526. In *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, the court found insufficient contact with the forum to demonstrate that defendant purposefully availed itself of the forum's laws.

Plaintiff's allegations misconstrue the nature of this foreseeability requirement. Foreseeing impact within Pennsylvania is not established by proving that defendants knew the work was to be performed in Pennsylvania.[6] In any event, plaintiff's allegations will be examined to determine if the proper factual contacts exist to exercise jurisdiction.

■ In this case, plaintiff seeks to set forth facts which show that the defendants had actual knowledge that the work was to be performed in Pennsylvania. In plaintiff's Affirmation, *see* Document 15 of the Record, plaintiff alleges that no later than October 11, 1978, "the defendants were telexing the plaintiff in Pennsylvania concerning various technical necessities concerning work permits that they had been inquiring into for several months." A copy of a single telex is attached to plaintiff's Affirmation.[7] In *Baron & Co., Inc. v.*

*Bank of New Jersey*, 497 F.Supp. 534 (E.D. Pa.1980), the court stated that phone calls and letters from defendant to plaintiff in the forum state were not so numerous, continuous or of a substantial quality as to justify assumption of jurisdiction in the case. *Id.* at 538. *See also Pennsylvania Manufacturers Ass'n. Insurance Co. v. Township of Gloucester*, 493 F.Supp. 1047 (E.D.Pa.1980) (court stated that plaintiff wisely did not attempt to build a few correspondence into a basis for jurisdiction). This single telex does not constitute a substantial enough connection with this state to make an assertion of personal jurisdiction over defendants reasonable. *Cf. Gehling v. St. George's School of Medicine, Ltd., supra.*

Furthermore, nothing in either contract specifically refers to this jurisdiction as a place where the contract was to be performed. The contract for the villa specifically provides that plaintiff was to supervise construction in Saudi Arabia and that drawings concerning the villa would be reviewed in London, England. *See* Document 6 of the Record—Exhibit A at 1. Plaintiff also was required to inspect the villa in Saudi Arabia and issue a Certificate of Completion. *Id.* at 3. Additionally, plaintiff concedes that Bellante supervised construction of the Commercial Center and issued a document certifying its completion. *See* Transcript of Oral Argument at 9–10. Thus, the contracts required, at the very least, that part of plaintiff's performance take place in Saudi Arabia. In *Time Share Vacation Club*, the contract con-

6. In *Baron & Co., Inc. v. Bank of New Jersey*, 497 F.Supp. 534 (E.D.Pa.1980), the court discussed the Pennsylvania Superior Court's decision in *Proctor & Schwartz v. Cleveland Lumber Co., supra* and stated that the Pennsylvania court based its jurisdictional determination on the fact that the transaction in question had a realistic and foreseeable economic impact in the Commonwealth. *Id.* at 537. The court went on to discuss the notion of foreseeability and minimum contacts and noted that the relationship between the two was discussed in the United States Supreme Court's decision· in *World-Wide Volkswagen.* The result is that the foreseeability that is critical to due process analysis is that the defendant's conduct is such that he should reasonably anticipate being haled into court in

the forum. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

7. The telex is from a Tarik Alireza to Larry Bellante. Tarik Alireza is not a defendant in this case. Apparently, plaintiff contends that this single telex is from defendants. Tarik Alireza, a nephew of the Sheikh, is an architect allegedly employed by Rezatrade. Rezatrade apparently is at least partially owned by the Alireza family and at one time procured business for Bellante in Saudi Arabia. *See* Document 14 of the Record at ¶ 4. It is not clear whether Rezatrade itself is an architectural or engineering firm.

tained a choice of law provision providing that Pennsylvania law would apply to any breach of contract action.[8] The court held that the choice of law provision, by itself, was not enough to vest jurisdiction. *See also Hydrokinetics, Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026 (5th Cir.1983), *cert. denied*, 466 U.S. 962, 104 S.Ct. 2180, 80 L.Ed.2d 561 (1984) (an exchange of communications in the development of the contract between the forum and foreign state is in itself insufficient to be characterized as a purposeful activity invoking the benefits and protections of the forum state's laws). Therefore, there is no evidence in the record that the contracts were to be performed in Pennsylvania. *See Gehling v. St. George's School of Medicine, Ltd., supra.*

■ Plaintiff next alleges that a check on behalf of defendants in favor of plaintiff which was cleared through a Pennsylvania bank demonstrates that defendants definitely knew that plaintiff was a Pennsylvania concern. In *Time Share Vacation Club, Inc.*, the court stated that the mere issuing of a check which finds its way to a Pennsylvania bank does not provide the requisite foreseeability of economic impact in Pennsylvania. *Id.* at n. 7, page 66 *citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). *See also Hydrokinetics, Inc. v. Alaska Mechanical, Inc., supra*, at 1029 (payment of checks into the forum state is not weighed heavily). Plaintiff's allegation that defendants received a bill from plaintiff stating that it was a Pennsylvania concern is accorded similar treatment in that it is insufficient by itself to warrant jurisdiction in this case.

■ Plaintiff also maintains that there are many "overseas telephone calls and pieces of correspondence between the plaintiff and defendants early in the project." *See* Affidavit of Lawrence Bellante at Doc-

ument 14 of the Record. Generally, the mere placing of phone calls by a defendant into the forum state does not constitute purposeful availing and therefore does not confer jurisdiction over defendant. *See Bucks County Playhouse v. Bradshaw*, 577 F.Supp. 1203 (E.D.Pa.1983). Plaintiff has not provided the court with any such documentation despite ample opportunity to do so. In fact, the court specifically requested this information at oral argument. *See* Transcript of Oral Argument at 30–31. In attempting to prove defendants' "knowledge", plaintiff alleges that the Alireza family owned a corporation called Rezatrade which previously had been under contract with plaintiff. *See* Document 21 of the Record. Plaintiff contends that ownership of Rezatrade unquestionably gave the defendants personal knowledge that the plaintiff was a Pennsylvania concern. Again, this allegation misconstrues the nature of the foreseeability requirement. The defendant must actually foresee impact within the forum so that defendant should reasonably anticipate being haled into court here. *See Amusement Equipment, Inc. v. Mordelt*, 595 F.Supp. 125 (E.D.La.1984); *Abady v. Macaluso*, 90 F.R.D. 690 (E.D.Pa.1981). Plaintiff has not demonstrated that defendants were personally involved with Rezatrade. In any event, defendants' "knowledge" that plaintiff is a Pennsylvania concern inferred from a relationship between Rezatrade and Bellante is insufficient.

■ Even if it is assumed that defendants purposefully availed themselves of the privilege of doing business in the forum state, the exercise of jurisdiction over them must still be reasonable. *See* n. 4 at 523. In determining if the exercise of jurisdiction was proper, one district court considered the character of the pre-contract negotiations; the location of those pre-con-

**8.** In *Time Share Vacation Club*, defendants also sent a plane to Pennsylvania and advertised in a Pennsylvania newspaper. Also, the material to be used for the contract was designed and developed in plaintiff's Pennsylvania office. Furthermore, plaintiff acted as defendant's agent in

Pennsylvania by bringing prospective buyers from the state. Finally, a $3,000.00 check from defendant was delivered to the forum. Nevertheless, the court found that these acts were insufficient to confer jurisdiction over the defendant.

tract negotiations; the terms of the sales agreement and the type of goods sold. *Strick Corporation v. A.J.F. Warehouse Distributors, Inc.*, 532 F.Supp. 951, 958 (E.D.Pa.1982). These factors are used to help determine if it is reasonable to assume that the defendant could anticipate being required to defend a suit in the forum. In this case, no pre-contract negotiations took place in Pennsylvania, the terms of the contracts did not provide for performance in Pennsylvania and the construction occurred in Saudi Arabia. In *Strick Corporation,* the court determined that it had personal jurisdiction over the defendant when the defendant did more than act as a passive buyer of goods from a Pennsylvania corporation. An important factor in the court's determination was the fact that the defendant initiated the transaction to purchase a large number of relatively expensive complex items for which the defendant specified certain features. In *Bucks County Playhouse v. Bradshaw,* 577 F.Supp. 1203 (E.D.Pa.1983), the court interpreted *Strick Corporation,* and found that courts should look at whether the nonresident defendant initiated the deal, attempted to alter the terms of the contract, or conducted significant negotiations with the plaintiff in the forum. In our case, as in *Bradshaw,* the series of telephone calls, mailings and telexes are not substantial. Furthermore, while the contracts provide that some of the work had to be approved by defendants, the facts do not indicate that defendants assumed the role of active buyers in aggressively seeking contract modifications. In fact, any revisions in the contracts "basically were done in Greece." *See* Transcript of Oral Argument at 14. Finally, all contract negotiations took place in Saudi Arabia and the contracts do not mention Pennsylvania as a place of performance. In fact, the contracts provide that plaintiff was to supervise the construc-

tion in Saudi Arabia as part of its services. The facts of this case indicate far less factual contact with the forum than in *Time Share Vacation Club, Inc., supra,* n. 8 at 526, where the court refused to assert jurisdiction over defendants.

While the state has a strong interest in ensuring that its citizens are fully compensated for their injuries, a foreign nation presents a higher sovereignty barrier than that between two states. *See Gates Lear Jet Corp. v. Jensen,* 743 F.2d 1325 (9th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985). Assertions that a default causes an economic impact in the forum state are of little weight. *See Dollar Savings Bank v. First Security Bank of Utah, supra.* If incidental economic detriment furnishes a contact for jurisdictional purposes, then every monetary claim would per se furnish a predicate for personal jurisdiction over a nonresident debtor. *Id.* Thus, the result of any alleged breach is insufficient to confer jurisdiction. *See Reliance Steel Products Co. v. Watson, Ess, Marshall and Enggas, supra.*

In this case, foreseeability of economic impact in the forum by defendants is insufficient.[9] In *Proctor & Schwartz v. Cleveland Lumber Co., supra,* the court stated:

> Our decision today should not be interpreted as a precedent which will subject any foreign corporation to the jurisdiction of our courts. We hold today only that where a foreign corporation purposely availed itself of the privilege of acting within this Commonwealth by entering with a Pennsylvania corporation into a commercial contract which is executed in Pennsylvania and governed by Pennsylvania law, which contract the foreign corporation may reasonably anticipate will have a substantial impact within this Commonwealth; and where the

---

9. Again, the court emphasizes that "foreseeability of economic impact in the forum" is not established by showing that a defendant "knew" some work was to be performed in the forum.

The foreseeability must be such that the defendant reasonably anticipates being haled into court in the forum. *See* n. 6 at 525.

cause of action arises directly out of the foreign corporation's act; and where the foreign corporation, rather than maintaining the role of passive purchaser, actively negotiates the terms of the contract; and where the foreign corporation may reasonably anticipate the possibility of being called to defend an action in this Commonwealth, that the exercise of jurisdiction by the courts of this Commonwealth does not offend our sense of fair play and equal justice.

*Id.* 228 Pa.Super. at 23, 323 A.2d at 17. Consequently, in *Proctor & Schwartz,* the court had several other facts before it that are not present in this case.[10] While factual conflicts should be resolved in favor of plaintiff for purposes of a Motion to Dismiss for Lack of Personal Jurisdiction, *see Pepsi-Cola Bottling Co., supra,* n. 10, mere allegations that defendant knew plaintiff was a Pennsylvania concern and knew that the work was to be performed in Pennsylvania are insufficient. Clearly the court cannot assume personal jurisdiction to avoid adverse consequences.[11] Accordingly, plaintiff has not met its burden of demonstrating that this court has personal jurisdiction over defendants. Based on the foregoing analysis, the court determines it lacks personal jurisdiction over defendants. The court's disposition of the case makes it unnecessary to address defendants' alternative Motion to Dismiss for *forum non conveniens.*

An appropriate Order will enter.

**10.** The contract in *Proctor & Schwartz* was a commercial contract executed in Pennsylvania. The contracts in this case involve the construction of buildings in Saudi Arabia. Therefore, they differ from a commercial contract whereby a foreign buyer knowingly causes a substantial amount of business activity within the forum. *See Pepsi-Cola Bottling Co. v. Buffalo Rock Co., Inc.,* 593 F.Supp. 1559 (N.D.Ala.1984).

The contract in *Proctor & Schwartz* also contained a provision whereby Pennsylvania law applied to the contract. No such provision appears in this case. Finally, in *Proctor & Schwartz,* the defendant actively sought revisions in the terms of the contract. No communications are pointed to during Bellante's performance which would indicate substantial modifications by defendants. In any event, the design revisions basically occurred in Greece. *See* Transcript of Oral Argument at 14. Plaintiff's unsupported averment that defendants initiated the transaction, *see* Document 21 of the Record, does not alter the result because even if the defendants "knew the work was to be performed in Pennsylvania", there are insufficient factual contacts to make it reasonable for defendants to be haled into court here.

**11.** The court notes that plaintiff may have other available forums, either in the United States or abroad, within which to bring suit. The holding in this case concerns only defendants' Pennsylvania contacts.