418 A.2d 389

James WHALEN and Katherine Whalen, Parents and Natural Guardians of Erin Whalen, a Minor and James Whalen

v.

WALT DISNEY WORLD COMPANY and Insurance Company of North America.

Appeal of WALT DISNEY WORLD COMPANY.

Superior Court of Pennsylvania.

Argued June 21, 1979.

Filed Jan. 11, 1980.

James J. Donohue, Philadelphia, for appellant.

Christopher R. Rosser, Philadelphia, for appellees.

Before HESTER, HOFFMAN and CATANIA, JJ.*

HOFFMAN, Judge:

Appellant contends that the lower court erred in dismissing its preliminary objections challenging the court's *in personam* jurisdiction. We agree and, accordingly, reverse the order of the lower court.

On April 6, 1976, the appellees filed a complaint in the Court of Common Pleas of Philadelphia against Walt Disney World Company (hereinafter "Disney") and the Insurance Company of North America, alleging that because of Disney's negligence, appellee Erin Whalen had been injured at a Florida hotel owned and operated by Disney.[1] On May 10, 1976, Disney filed preliminary objections, contending that the Pennsylvania courts lack *in personam* jurisdiction over it because it has no connection with Pennsylvania. In particular, Disney averred that it is not incorporated in Pennsylvania, it is not registered to do business in Pennsylvania, it has no employees or agents or a place of business in Pennsylvania, and it does not send any merchandise into Pennsylvania. In their answer to the preliminary objections, appellees denied Disney's averment that it has no connection with Pennsylvania. Appellees alleged that through its employees, servants, agents, and affiliates, Disney engages in widespread advertising, solicitation, negotiations, acceptance of reservations, and other activities in Pennsylvania. Subsequently, Disney filed an affidavit of Philip N. Smith, a Disney vice–president, who stated, *inter alia*, that Disney is a Delaware corporation with its only place of business in the State of Florida; that its sole business activity consists of

---

* President Judge FRANCIS J. CATANIA of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

1. Appellees alleged in their complaint that the Insurance Company of North America (INA) is a Pennsylvania corporation with offices in Philadelphia and that it had issued a liability insurance policy to Disney. Appellees sought recovery from INA as third party beneficiaries. INA filed preliminary objections to strike appellees' complaint against it for failure to state a cause of action. The lower court sustained the preliminary objections, and appellees did not appeal.

the ownership and operation of an entertainment complex located in Bay Lake, Florida; that it is not qualified to do business in Pennsylvania; that it has not appointed an agent for the service of process in Pennsylvania; that it is not listed in any Pennsylvania telephone directory; that it pays no commissions to any travel agent or other person in Pennsylvania for booking reservations or selling tickets; that it has no assets, office, or place of business in Pennsylvania; and that it has no agents, employees, salesmen, or representatives located in Pennsylvania. In its answer to appellees' interrogatories, Disney acknowledged that during 1974, 1975, and 1976, it had purchased merchandise from Globe Ticket Company (hereinafter "Globe") in Horsham, Pennsylvania. Disney stated that the gross volume of business with Globe was $353,734.00 in 1974, $481,646.00 in 1975, and $716,345.00 in 1976. On April 27, 1977, the lower court dismissed Disney's preliminary objections. This appeal followed.

The long–arm statute in effect at the time this action was instituted [2] provided:

Any foreign corporation which shall have done any business in this Commonwealth without procuring a certificate of authority to do so from the Department of State as required by statute, shall be conclusively presumed to have designated the Department of State as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth.

Act of Nov. 15, 1972, P.L. 1063, No. 271, § 8302(a). Section 8309 of the long–arm statute defined "doing business" as follows:

(a) General rule—Any of the following shall constitute "doing business" for the purposes of this chapter:

2. Act of Nov. 15, 1972, P.L. 1063, No. 271, § 8301 et seq. (formerly codified at 42 Pa.C.S.A. § 8301 et seq.), repealed by Act of July 9, 1976, P.L. 586, No. 142, § 1, effective June 27, 1978 (current version at 42 Pa.C.S.A. § 5301 et seq. (Supp. 1979–80)).

(1) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

(2) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

(3) The shipping of merchandise directly or indirectly into or through this Commonwealth. .

(4) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by the Commonwealth or any of its agencies.

(5) The ownership, use or possession of any real property situate within this Commonwealth.

(b) Exercise of full constitutional power over foreign corporations.—In addition to the provisions of subsection (a) of this section the jurisdiction and venue of courts of the Commonwealth shall extend to all foreign corporations and the powers exercised by them to the fullest extent allowed under the Constitution of the United States.

 "Because § 8309(b) makes the statutory reach co-extensive with requirements of due process under the Fourteenth Amendment of the United States Constitution, we must decide whether [appellant] had sufficient contacts with this forum to make the exercise of jurisdiction constitutionally permissible." *Hart v. McCollum*, 249 Pa.Super. 267, 272, 376 A.2d 644, 647 (1977). In *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the United States Supreme Court stated: "[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 316, 66 S.Ct. at 158. Subsequently, in *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1968),

the Supreme Court stated: "[I]t is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at 253, 78 S.Ct. at 1240. Where the plaintiff's cause of action does not arise from the defendant foreign corporation's business activities in this state, Pennsylvania courts may exercise *in personam* jurisdiction over the defendant only if the defendant's business activities are " 'so continuous and substantial as to make it reasonable for the state to exercise such jurisdiction.' " *Bork v. Mills*, 458 Pa. 228, 231–32, 329 A.2d 247, 249 (1974) (quoting Restatement (Second) of Conflict of Laws § 35). *See also, Lebkuecher v. Loquasto*, 255 Pa.Super. 608, 611, 389 A.2d 143, 145 (1978); *Garfield v. Homowack Lodge, Inc.*, 249 Pa.Super. 392, 397, 378 A.2d 351, 354 (1977). "[A] determination of whether or not the 'minimum contacts' of a foreign corporation with a particular state are sufficient to make the corporation constitutionally amenable to process in that state must inevitably be made on an ad hoc case–by–case basis and not by the application of a mechanical rule." *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 16, 323 A.2d 11, 15 (1974).

In the instant case, appellees concede that their cause of action did not arise from Disney's activities in Pennsylvania. Thus, we must determine whether Disney's activities in this state are " 'so continuous and substantial as to make it reasonable for the state to exercise such jurisdiction.' " *Bork v. Mills, supra,* 458 Pa. at 231–32, 329 A.2d at 249. The lower court in its opinion and appellees in their brief cite this Court's decision in *Garfield v. Homowack Lodge, Inc., supra,* as support for the conclusion that Disney's activities in Pennsylvania satisfy the "continuous and substantial" test. In that case, the plaintiffs filed a complaint against a nonregistered foreign corporation, alleging that one of the plaintiffs had been injured as a result of defendant's negligence when he fell on an ice skating rink at defendant's

resort in New York. The parties stipulated that (1) defendant advertised in a Philadelphia newspaper every week for approximately five years; (2) the advertising cost $2,000.00 per year; (3) defendant maintained a toll–free telephone number to enable Philadelphia area residents to make reservations; and (4) defendant provided advertising brochures to several Philadelphia travel agents and paid the agents a ten percent referral fee. The Court held that, under these circumstances, defendant's method of solicitation met the "continuous and substantial" test. *See also Bork v. Mills, supra* (uncontroverted allegation that defendant hauled freight within Pennsylvania in an undisclosed amount was not sufficient to meet the "continuous and substantial" test; *Lebkuecher v. Loquasto, supra* (possessing a license to practice medicine in Pennsylvania and maintaining a classified listing in a Pennsylvania telephone directory do not constitute "continuous and substantial" business activities).

The only uncontroverted contacts Disney has with Pennsylvania are its purchase of $1,551,725.00 in merchandise from a company located in Pennsylvania and its purchase of liability insurance from an insurance company incorporated in Pennsylvania.[3] These activities do not nearly approach those of the defendant in *Homowack Lodge, supra.* We conclude that because Disney's business activities in Pennsylvania are too indirect to be considered "continuous and substantial," the Pennsylvania courts lack *in personam* jurisdiction over Disney.

Order reversed.

**3.** Once the defendant properly raises the jurisdictional issue, the plaintiff has the burden of proof. *See, e. g., Biel v. Herman Lowenstein, Inc.,* 411 Pa. 559, 563, 192 A.2d 391, 393 (1963). Disney in its preliminary objections and affidavit of one of its vice–presidents alleged facts in support of its contention that the Pennsylvania courts lack *in personam* jurisdiction over it. Although appellees alleged in their complaint and answer to Disney's preliminary objections that Disney had sufficient contacts in Pennsylvania, they did not attempt to prove these allegations by deposition or otherwise. Consequently, we consider only Disney's uncontroverted contacts.