**Patrick and Marie GAVIGAN**

v.

**WALT DISNEY WORLD CO. and Joseph Flanagan.**

**Civ. A. No. 85–5008.**

United States District Court, E.D. Pennsylvania.

Feb. 10, 1986.

---

Martin J. Silverstein, Philadelphia, Pa., for plaintiffs.

James J. Donohue, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION ORDER

HUYETT, District Judge.

■ In this diversity action, plaintiffs seek to recover for injuries allegedly sustained in a motor vehicle incident which occurred on June 2, 1984 at the Walt Disney World Complex in Bay Lake, Florida. Plaintiffs are citizens of the Commonwealth of Pennsylvania. Defendant Walt Disney World Co. ("Disney World") is a Delaware Corporation qualified to do business in the state of Florida; its principal business activity consists of the ownership and operation of an entertainment complex known as Walt Disney World, located in Bay Lake, Florida. Defendant Joseph Flanagan, an employee of Disney World, is a resident of Florida. Defendants have moved to dismiss under Fed.R.Civ.P. 12(b)(2) for lack of an *in personam* jurisdiction. For the reasons set forth below, the motion shall be granted as to defendant Flanagan but denied as to defendant Disney World.[1]

---

1. Defendant Joseph Flanagan has moved to have this action against him dismissed on the grounds that he is not subject to the jurisdiction of any Pennsylvania court. Flanagan is a citizen of the state of Florida and has no contacts with the Commonwealth of Pennsylvania. Plaintiffs have made no effort to oppose dismis-

■ When a defendant challenges the court's *in personam* jurisdiction, the plaintiff must assume the burden of proving that defendant's activities in the forum state properly subject defendant to the court's jurisdiction. *Time Share Vacation Club v. Atlantic Resorts, Inc.*, 735 F.2d 61, 63 (3d Cir.1984). The resolution of the question of *in personam* jurisdiction generally requires the development of a factual record. In this case, both plaintiffs and defendants have attached affidavits and exhibits to their memoranda and have had ample time to respond to each other's submissions. Defendants' motion is therefore ripe for disposition.

Defendant Walt Disney World contends that it is not subject to the jurisdiction of this court because it is not qualified to do business in Pennsylvania, it has not incurred or paid taxes to the Commonwealth, it has not appointed an agent for service or process in Pennsylvania, and it is not listed in any Pennsylvania telephone directories. In support of its position, defendant Disney World submitted the affidavit of Sydney L. Jackowitz, Assistant Secretary to Walt Disney World Co. Jackowitz avers that defendant Walt Disney World is not qualified to do business in Pennsylvania, has not appointed an agent in any Pennsylvania telephone directories, has no assets, office, or place of business in Pennsylvania and has no officers, agents, employee, salesmen or representatives in Pennsylvania. Jackowitz also avers that since the opening of its entertainment complex on October 1, 1971, Walt Disney World Co. has never paid commissions to any travel agent in Pennsylvania for the booking of reservation or the sale of tickets for its entertainment complex. Affidavit Sydney L. Jackowitz.

In response, plaintiff contends that defendant Disney World and its related companies have engaged in extensive advertising activities within the Commonwealth of Pennsylvania to promote the entertainment complex operated by defendant Disney World in Florida. In support of their posi-

tion, plaintiffs have provided me with numerous advertisements from area newspapers as well as a verification supporting the facts set forth in plaintiffs' various memoranda.

■ The question before me therefore is whether the contacts plaintiffs allege defendant Disney World has with the Commonwealth are sufficient to allow me to exercise jurisdiction over it. Service of process on defendants was made pursuant to Fed.R.Civ.P. 4(e). The extent of this court's *in personam* jurisdiction is therefore governed by Pennsylvania's long-arm statute, 42 Pa.Cons.Stat.Ann. § 5301 *et seq.* Under Pennsylvania law, jurisdiction over non-resident defendants may be "based on the most minimum contacts with this Commonwealth allowed under the Constitution of the United States." 42 Pa.Cons.Stat. Ann. § 5322(b). Consistent with due process, the court may not exercise personal jurisdiction over a non-resident defendant unless there are certain minimum contacts between the defendant and the forum state such that traditional notions of fair play and substantial justice are not offended. *Burger King v. Rudzewicz*, —— U.S. ——, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1940). Two purposes underlie the requirement of minimum contacts: first, it "protects the defendant against the burdens of litigating in a distant or inconvenient forum," and second, it "ensure[s] that the States through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980).

■ Where the plaintiff's cause of action does not arise from the defendant's business activities within the state, Pennsylvania courts may exercise *in personam* jurisdiction over the defendant only if the defendant's business activities are " 'so continuous and substantial as to make it

sal of the action against Flanagan. I will there-

fore grant the motion to dismiss as to Flanagan.

reasonable for the state to exercise such jurisdiction.'" *Bork v. Mills,* 458 Pa. 228, 231–32; 329 A.2d 247, 249 (1974) (quoting Restatement (Second) of Conflict of Laws § 35). Whether a defendant's conduct is "so continuous and substantial as to make it reasonable for the state to exercise jurisdiction" must be decided on a case-by-case basis.

In *Garfield v. Homowack Lodge, Inc.,* 249 Pa.Super. 392, 378 A.2d 351, 354 (1977), the court held that defendant's method of soliciting business in Pennsylvania consisted of such substantial and continuous activities as to render defendant amenable to the court's jurisdiction. *Garfield* involved an accident at the ice rink of a resort hotel in New York. In that case, that defendant continuously advertised its resort through a Philadelphia newspaper, maintained a toll-free telephone number in Pennsylvania for lodge reservations, distributed brochures to travel agents and paid a fee to travel agents for booking reservations at the lodge. Similarly, in *Hart v. McCollum,* 249 Pa.Super. 267, 376 A.2d 644 (1977), the court found that the exercise of jurisdiction over a southern New Jersey bowling alley which had no contacts with Pennsylvania other than regular advertising in the state was proper.

Defendant relies on *Whalen v. Walt Disney World, Co.,* 274 Pa.Super. 246, 418 A.2d 389 (1980) in which the court held that defendant Walt Disney World was not subject to the jurisdiction of the Pennsylvania courts. Its reliance on that case is, however, misplaced. In *Whalen,* the only facts the court considered in reaching its decision that jurisdiction was not proper were that defendant had purchased goods and insurance coverage from Pennsylvania businesses. The court found that these contacts did not rise to the level of those in *Garfield,* 418 A.2d at 392. It specifically noted that plaintiff had not proven the facts found to constitute sufficient bases for jurisdiction in *Garfield. See id.* at 392 n. 3.

Similarly, I do not believe that the holdings in *Felt v. Walt Disney World,* slip op. No. 78–3107 (E.D.Pa.1979), or *Gehling v.*

*St. George's School of Medicine, Ltd.,* 773 F.2d 539 (3d Cir.1985) govern this case. In *Felt,* Judge Lord concluded that defendant's contacts, which, at that time, were only through its licensees, were insufficient to establish *in personam* jurisdiction. In that case, defendant's affidavit stated that it did not pay for the advertisement initiated by its licensees such as Eastern Airlines. I note that in *Jackowitz,* in his affidavit, submitted by defendant in this action, makes no reference to the extensive advertising conducted in Pennsylvania, either to say that it is performed by the licensees or by some other unrelated entity.

In *Gehling,* the Third Circuit concluded that the contacts of the St. George's School of Medicine, Ltd. were not sufficiently continuous or substantial to subject the school to personal jurisdiction in Pennsylvania. In that case, the School had merely placed advertisements in two national newspapers, the *New York Times* and the *Wall Street Journal.* These advertisements were clearly not directed at Pennsylvania citizens. The Court further concluded that a media tour by several of the School's doctors and joint international program were not substantial activities by defendant. The present case can be distinguished.

■ In this case, plaintiff has produced several documents which reflect the extensive advertising which has been conducted by or on behalf of defendant Walt Disney World in Pennsylvania. For instance, plaintiff produced a copy of a four full page advertisement which ran in the *Philadelphia Inquirer* on November 10, 1985 which promoted the entertainment complex operated by defendant in Florida. *See* exhibit R. At the top of each of the four pages appears the name "Walt Disney World" followed by the insignia which shows that the name is registered. There is no indication that this ad was placed by anyone other than defendant. In addition to promoting the many attractions at the Florida complex, the advertisement provides an 800 telephone number which interested persons from Pennsylvania may use to make reservations. Furthermore, there

are presently a number of advertisements for defendant's Florida complex running on local Philadelphia television stations. *See* Plaintiffs' third supplemental reply, paragraph 29 and verification. These advertisements reflect an ongoing pattern of activity by defendant. Finally in March, 1985, defendant sent several representatives to Philadelphia to bestow honorary Disney World citizenship on Philadelphia Mayor Wilson Goode. *See* exhibit U. Clearly, this was an activity by Disney World to promote its entertainment complex, and it preceded a major Disney promotional compaign at the John Wanamaker Department Store in Philadelphia.

 Defendant contends that it is not subject to jurisdiction of this court because the advertisement and related activities upon which plaintiffs relied in their initial response to the motion to dismiss, were performed by its licensees or by Walt Disney Productions. *See* plaintiff's exhibits A–P. Clearly, as reflected in plaintiffs' subsequent submissions, defendant itself has engaged in extensive publicity and advertising efforts as reflected in the honorary citizenship for Mayor Goode. These activities are sufficiently substantial and continuous to confer jurisdiction over defendant. Furthermore, although I agree with defendant's position to the extent that activities of its licensee Eastern Airlines do not support *in personam* jurisdiction, I do not believe that defendant is correct with respect to the advertising performed through Walt Disney Productions, Inc., defendant's parent corporation. Defendant derives an intended benefit from these advertisements. Defendant could reasonably expect the activities of Walt Disney Productions to entice people from Pennsylvania to visit its Florida facilities. Certainly in the eyes of the consuming public, there was no distinction to be drawn from the advertisement between the two entities vis-a-vis the attraction of the entertainment complex. Similarly, the activities of Walt Disney Travel Co., another subsidiary of Walt Disney Productions, are geared towards enticing Pennsylvania citizens to use defendant's facilities and directly benefit defendant. In fact, one could conclude that Walt Disney Travel exists to serve the entertainment complexes operated by subsidiaries of Walt Disney Productions. Defendant therefore could reasonably expect to be haled into court in Pennsylvania. *See Hewitt v. Eichelman's Subaru, Inc.* 341 Pa.Super. 589, 492 A.2d 23 (1985).

Because I believe that the advertising and related promotional activities such as the establishment of an 800 telephone number and the awarding of honorary citizenship to Mayor Goode constitute continuous and substantial activities, I conclude that there is personal jurisdiction over defendant Disney World. The activities of Walt Disney Productions, Inc. and Walt Disney Travel which benefit directly defendant Disney World lend additional support to the conclusion that personal jurisdiction may properly be exercised over defendant.