Robert CRESSWELL, Nancy Cresswell, Kevin Cresswell and Kim Cresswell, Plaintiffs,

v.

WALT DISNEY PRODUCTIONS and its corporate successor, Walt Disney Co., and/or Walt Disney World Co., t/d/b/a Walt Disney World, Defendants.

Civ. No. 87–0682.

United States District Court, M.D. Pennsylvania, Third Circuit Division.

Sept. 16, 1987.

William C. Archbold, Jr., Media, Pa., for plaintiffs.

Anthony J. Piazza, Jr., Scranton, Pa., for defendants.

MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiffs, citizens of Pennsylvania, suffered injuries on or about June 26, 1985 in

connection with a monorail fire at Walt Disney World. On May 12, 1987, plaintiffs filed suit in the Middle District of Pennsylvania to recover damages allegedly caused by the fire. Named as defendants were Walt Disney Company, a California corporation, which is the corporate successor of Walt Disney Productions, also a California corporation, and Walt Disney World, a Delaware corporation with its principal place of business in Florida.

In response to the complaint, the defendants filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(2), (3), (4), and (5). Briefly, defendants contend that the court lacks personal jurisdiction over them in that they do not have the "minimum contacts" or the "substantial and continuous contacts" required to maintain this action in the Middle District of Pennsylvania. The Motion to Dismiss is now ripe for disposition. For the reasons that follow, the court will deny the defendants' Motion to Dismiss and deny the defendants' request that this action be transferred to the Middle District of Florida.

## BACKGROUND

On or about June 26, 1985, the plaintiffs were passengers on a monorail system operated by defendants.[1] At least one of the monorail cars caught fire and started to burn. The monorail came to a stop between stations. When the care in which they rode began to fill up with smoke, plaintiffs, along with other passengers, climbed onto the monorail car's roof and slid down its rounded front onto a narrow track. Plaintiffs allege that they suffered injuries and damages as a result of the fire, and that the fire was caused by the negligence of the defendants. See document 1 of the record.

As stated above, defendants filed a Motion to Dismiss for lack of jurisdiction of the person, improper venue, and insufficiency of process and service of process. See document 4 of the record. Defendants argue that they are not qualified to do

business in Pennsylvania, pay no taxes to Pennsylvania, and do not have an agent for service of process nor any property, assets, or employees in Pennsylvania. See document 5 of the record, at pp. 2, 5. Thus, defendants argue that they have not engaged in the "continuous and substantial" activities in Pennsylvania needed to maintain the action herein.

Plaintiffs responded to defendants' Motion to Dismiss by averring that the defendants presently are doing and were doing business in Pennsylvania in 1985 and 1986. See document 8 of the record. Plaintiffs listed some of the activities conducted by defendants in Pennsylvania, including the following: advertising on Pennsylvania television stations and in Pennsylvania newspapers; sending representatives to Philadelphia to encourage Pennsylvania citizens to visit Walt Disney World; conveying Honorary Disney World Citizenship on the Mayor of Philadelphia; selling Walt Disney Company products and services in Pennsylvania; broadcasting the Walt Disney Channel in Pennsylvania; providing a toll-free telephone number for Pennsylvania residents to call; and regularly visiting Keystone Junior College to recruit employees. See id. at pp. 2–4, ¶ 5, see also document 11 of the record. Plaintiffs argue that these contacts are sufficient to confer in personam jurisdiction over the defendants.

Defendants then filed a Reply Brief in which they stated as follows:

> In further support of its Motion to Dismiss, the defendants submit a second affidavit of Sydney L. Jackovitz. Contrary to plaintiffs' assertions, the defendants do not produce, own or control "Walt Disney Magic Kingdom on Ice" show; the defendants do not sell any merchandise or license merchandise to be sold in the Commonwealth of Pennsylvania; and there is no information to support the allegation that the defendants solicit employees in Pennsylvania.

---

1. As defendant have not yet answered plaintiffs' Complaint, the facts will be taken solely from the Complaint.

*See* document 14 of the record, at p. 1. The defendants do not address the other activities listed by the plaintiffs.[2]

## DISCUSSION

When a defendant raises a jurisdictional defense, the plaintiff bears the burden of demonstrating sufficient contacts with the forum state to give the court *in personam* jurisdiction. *Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61, 63 (3d Cir.1984); *Pharmaceutical Group Services, Inc. v. National Pharmacies, Inc.,* 592 F.Supp. 1247 (E.D.Pa.1984). At the stage of the proceedings where the factual record consists of only pleadings and affidavits, plaintiff's burden is satisfied by establishing a *prima facie* case of jurisdiction. *Pharmaceutical Group Services, Inc., supra,* at 1248 & n. 1; *Kyle v. Continental Capital Corp.,* 575 F.Supp. 616, 618–620 (E.D.Pa.1983). In deciding the issues, the pleadings and affidavits are to be considered in a light most favorable to the plaintiff, with any discrepancies in the versions of the events resolved in plaintiff's favor. *Pharmaceutical Group Services, Inc., supra,* at 1248; *Cottrell v. Zisa,* 535 F.Supp. 59, 60 n.\* (E.D.Pa.1982).

Rule 4(e) of the Federal Rules of Civil Procedure permits a district court to assert personal jurisdiction over a nonresident to the extent allowed under the law of the state where the district court sits. In turn, the Pennsylvania Long Arm Statute, Pa. Const.Stat.Ann. tit. 42, § 5322(b) (Purdon 1981), allows a court to exercise jurisdiction over a person "to the fullest extent allowed under the Constitution of the United States and [it] may be based on the most minimum contacts with this Commonwealth allowed under the Constitution of the United States." Therefore, the reach of the Pennsylvania statute is co-extensive with the due process clause of the United States Constitution. *Time Share Vacation Club, supra,* at 63; *Bellante, Clauss, Miller & Partners v. Alireza,* 634 F.Supp. 519, 522 (M.D.Pa.1985).

Consistent with due process, the court may not exercise personal jurisdiction over a nonresident defendant unless there are certain minimum contacts between the defendant and the forum state such that traditional notions of fair play and substantial justice are not offended. *Burger King v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Time Share Vacation Club, supra,* at 63. Where the plaintiff's cause of action does not arise from the defendant's business activities within the state, Pennsylvania courts may exercise *in personam* jurisdiction only if the defendant's business activities are so continuous and substantial as to make it reasonable for the state to exercise such jurisdiction. *Gavigan v. Walt Disney World Co.,* 630 F.Supp. 148, 150–51 (E.D.Pa.1986), *motion for reconsideration denied,* 646 F.Supp. 786 (E.D.Pa.1986); *Bork v. Mills,* 458 Pa. 228, 231–232, 329 A.2d 247, 249 (1974). Whether a defendant's conduct is so continuous and substantial as to make it reasonable for the state to exercise jurisdiction must be decided on a case-by-case basis. *Gavigan, supra,* 330 F.Supp. at 151.

The issue currently before the court is whether the business activities of defendants Walt Disney Company and Walt Disney World Company within Pennsylvania are so continuous and substantial as to make it reasonable for this court to exercise *in personam* jurisdiction. This same issue was before the district court for the Eastern District of Pennsylvania in *Gavigan v. Walt Disney World, Inc., supra.* In holding that defendant Walt Disney World had sufficient contacts in Pennsylvania to justify the exercise of *in personam* jurisdiction, Judge Huyett stated as follows:

> Because I believe that the advertising and related promotional activities such as the establishment of an 800 telephone number and the awarding of honorary citizenship to Mayor Goode constitute continuous and substantial activities, I conclude that there is personal jurisdiction over defendant Disney World. The

---

**2.** Following a scheduling conference on August 13, 1987, the parties submitted supplemental briefs on the issues of jurisdiction and venue. *See* documents 18 and 19 of the record.

activities of Walt Disney Productions, Inc. and Walt Disney Travel which benefit directly defendant Disney World lend additional support to the conclusion that personal jurisdiction may properly be exercised over defendant.

*Gavigan,* 630 F.Supp. at 152. In denying the defendant's Motion for Reconsideration, Judge Huyett reaffirmed this conclusion:

> Defendant has made a number of visits to the Commonwealth, has entered into joint ventures with at least two Pennsylvania ventures, has sought and received the cooperation of the City of Philadelphia in its promotional campaign, and advertised in media directed specifically to the local Philadelphia market. This is ample evidence of continuous and substantial business activity such as to make it reasonable to exercise jurisdiction.

*Gavigan,* 646 F.Supp. at 790.[3]

Defendants attempt to distinguish *Gavigan* in two ways. First, defendants contend that *Gavigan* is in direct conflict with the Pennsylvania courts' treatment of this issue and the bulk of case law from this Circuit. *See, e.g.,* documents 14 and 19 of the record and cases cited therein. With the exception of two unreported cases, however, each case now cited by the defendants was also presented to Judge Huyett in *Gavigan.* In addition, the two cases not presented to the *Gavigan* court were decided in 1981 and the defendants have not shown that jurisdictional facts such as those here present were pled in those cases. *See Gavigan,* 646 F.Supp. at 790 n. 7.[4] Thus, *Gavigan* is not contrary to the Pennsylvania courts' treatment of this issue or this Circuit's decisions regarding personal jurisdiction.

Second, defendants attempt to distinguish *Gavigan* by arguing that the proof of doing business must occur at the time of the purported service, citing *Strick Corp. v. Cravens Homalloy (Sheffield) Ltd.,* 352 F.Supp. 844, 846 (E.D.Pa.1972). Defendants argue that service was attempted in this case in 1987, "not at the time the minimal contact is alleged." *See* document 14 of the record, at p. 4. The case cited by the defendants defeats their argument. In *Strick Corp., supra,* the court stated as follows:

> a defendant, once found to have been "doing business" in Pennsylvania, cannot escape service under the "long-arm" statute merely by stating it has no more plans to further engage in any business in Pennsylvania, especially when the plaintiff's injury and the attempted service of process occurs within a reasonable time after the defendant's "doing business" contacts in Pennsylvania.

*Strick Corp.,* 352 F.Supp. at 847; *see also Gavigan,* 646 F.Supp. at 788 ("There is ample evidence, *both before and after the service of process,* to show defendant's 'continuous and substantial' business activities in Pennsylvania.") (emphasis added). Furthermore, plaintiffs aver that defend-

---

3. Only Walt Disney World Co. was named as a defendant in *Gavigan.* Nevertheless, Judge Huyett's reasoning supports a finding of *in personam* jurisdiction over Walt Disney Productions as well. First, the business activities of Walt Disney Company may be considered in determining whether jurisdiction exists as to defendant Walt Disney Productions. *See Gavigan,* 646 F.Supp. at 789. Second, neither the public nor apparently the defendant companies themselves make an exact distinction between the two defendants. *See id.* at 788 & n. 3. Third, the fact that defendant Walt Disney Productions benefits from the activities of defendant Walt Disney Company lends additional support to the conclusion that personal jurisdiction may be exercised over defendant Walt Disney Productions. *See Gavigan,* 630 F.Supp. at 152. Last, and most important, plaintiffs do not attempt to support jurisdiction over defendant

Walt Disney Productions based solely on the activities of defendant Walt Disney World. Instead, plaintiffs list activities conducted by both of the defendants in Pennsylvania. *See* document 8 of the record, at pp. 2–4; document 11 of the record.

4. One of the two unreported cases is *Piccinini v. Walt Disney World Co.,* No. 85–5620 (E.D.Pa. Apr. 5, 1986). In that case, Judge Lord decided the jurisdictional issue in favor of Walt Disney and transferred the case to Florida. In light of the *Gavigan* decision, however, Judge Lord reversed himself, vacated his prior order, denied the Motion to Transfer, and retained jurisdiction in the Eastern District of Pennsylvania. *See Piccinini v. Walt Disney World Co.,* —— F.Supp. ——, No. 85–5620 (E.D.Pa. Dec. 9, 1986).

ants' contacts with Pennsylvania continue up through the present day. *See* document 8 of the record, at pp. 2–4.

Defendants' attempts to distinguish *Gavigan* must fail. The plaintiffs here alleged the same contacts raised by the plaintiffs in *Gavigan, see* document 11 of the record, in addition to subsequent contacts between the defendants and the Commonwealth of Pennsylvania. Thus, this court will adopt the reasoning of Judge Huyett in *Gavigan* and so will deny the defendants' Motion to Dismiss for lack of *in personam* jurisdiction.

■ Defendants also argue that venue is improper in the Middle District of Pennsylvania. This argument must also fail. Plaintiffs' suit is based solely on diversity and all the plaintiffs reside in the Middle District of Pennsylvania. Thus, venue is proper under 28 U.S.C. § 1391(a) without regard to 28 U.S.C. § 1391(c). *See, e.g., Galaxy International, Inc. v. White Stores, Inc.,* 88 F.R.D. 311, 314 (W.D.Pa. 1980) ("Section 1391(c) does not limit the choice of venue made available by other statutes and does not require a corporation to be sued only in one of the districts in which the corporation is deemed to reside under that provision. In a diversity case against a corporation[,] suit still may be brought in the district in which all plaintiffs reside...."); *see also American Cyanamid Co. v. Hammond Lead Products, Inc.,* 495 F.2d 1183, 1184 (3d Cir. 1974); *Strick Corp. v. A.J.F. Warehouse Distributors, Inc.,* 532 F.Supp. 951, 960–61 (E.D.Pa.1982); 15 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction and Related Matters 2d* § 3811 at 103–104.

■ Finally, in their Motion to Dismiss, defendants request that, if their Motion to Dismiss is denied, this action be transferred to the Middle District of Florida where the cause of action arose. Pursuant to 28 U.S.C. § 1404(a), a district may transfer a civil action to any other district or division where it might have been brought for the convenience of the parties and witnesses, in the interest of justice. 28 U.S.C. § 1404(a). The moving party has the burden of establishing that the statutory factors are present, *Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 756 (3d Cir.1973), and the plaintiff's choice of forum should rarely be disturbed unless the balance of the factors to be weighed is strongly in favor of the defendant. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). In ruling on a motion to transfer pursuant to § 1404(a), the court is "vested with a wide discretion...." *Plum Tree, Inc., supra,* at 756.

In their Memorandum of Law in Support of Defendants' Motion to Dismiss, *see* document 5 of the record, defendants fail to set forth any facts supporting their request for a transfer to the Middle District of Florida. Thus, defendants have failed to meet their burden of showing that the statutory factors are present. Therefore, at this time, the request for a transfer pursuant to § 1404(a) will be denied.[5]

Both plaintiffs and defendants have moved for sanctions pursuant to Fed.R. Civ.P. 11. Rule 11 provides in pertinent part that an attorney should not submit a pleading unless "it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not to be interposed for any improper

---

5. Defendants have also moved to dismiss on the basis of insufficient process and service of process. To the extent that the motion is based on a lack of contacts with the Commonwealth of Pennsylvania, the motion is denied based on the court's holding that *in personam* jurisdiction there exists. Defendants also argue that service of process was insufficient as to defendant Walt Disney Company in that process was sent to the wrong address. The purpose of service is to afford a defendant notice of the pendency of an action. *Tarbox v. Walters,* 192 F.Supp. 816 (E.D.Pa.1961). As defendant Walt Disney Company filed a timely motion to dismiss, it apparently received notice of the pendency of this suit. Furthermore, the defendants have not seriously contended that the service employed by the plaintiff resulted in material prejudice to them. Thus, plaintiffs' suit will not be dismissed for inadequate service of process. *Dunham v. Innerst,* 50 F.R.D. 372, 374 (M.D.Pa.1970) (Nealon, J.); *see also Dodson v. U.S. Army Finance and Accounting Center,* 636 F.Supp. 894 (S.D.Ind.1986) (wrong address); *Hawkins v. Department of Mental Health,* 89 F.R.D. 127 (W.D. Mich.1981).

purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Rule 11 further authorizes the court to impose appropriate sanctions upon an attorney who violates his certification that good grounds support his pleading and that the pleading is not interposed for delay. *Walsh v. Schering–Plough Corp.*, 758 F.2d 889, 895 (3d Cir. 1985).

Under Rule 11, the standard for testing conduct is reasonableness under the circumstances. *Eavenson, Auchmuty & Greenwald v. Holtzman*, 775 F.2d 535, 540 (3d Cir.1985). Moreover, the grant or denial of a Rule 11 motion for sanctions is within the district court's discretion. *Id.* Finally, when exercising its discretion, the district court "is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading ... was submitted." Notes of Advisory Committee on Rules, 1983 Amendment, Fed.R.Civ.P. 11; *see also Holtzman, supra,* at 540.

■ This is not an appropriate case for sanctions. The issue of whether defendants Walt Disney Company and Walt Disney World Company are subject to *in personam* jurisdiction in the Middle District of Pennsylvania was not decided before this case. Precedent exists that might reasonably support both sides' arguments. While *Gavigan* seems to be the latest word on this issue, it was decided in the Eastern District of Pennsylvania and so this court was not required to follow it. Finally, *in personam* jurisdiction must be decided on a case-by-case basis and it is not unreasonable to argue for a different result based on a perceived change of circumstances. Thus, as the arguments set forth by the plaintiffs and the defendants were reasonable under the circumstances, the defendants' and plaintiffs' Motions for Sanctions are hereby denied.

An appropriate Order will enter.