**Meredith v. Steel Dynamics Inc**

*Douglas J. Olcott*, for plaintiff.

*Michael P. Leahey & Daniel R. Michelmore*, for defendant.

YEAGER, *J.*, May 4, 2012—Before this court for consideration is defendant's, Steel Dynamics, Inc., preliminary objections to plaintiffs' complaint. For the following reasons, the preliminary objections are sustained.

## I. Background

This case arises from personal injuries allegedly sustained by the plaintiff, Kenneth D. Meredith, as the result of an accident that occurred on or about May 20, 2010, at the defendant's, Steel Dynamics, Inc., flat roll steel mill facility located in Butler, DeKalb County, Indiana. On or about April 19, 2011, the plaintiffs, Kenneth D. Meredith and Olive L. Meredith, husband and wife (hereinafter, collectively, "plaintiffs"), commenced the instant action against the defendants, Steel Dynamics, Inc. (hereinafter "SDI") and R.A.M. Transit Lines, Inc. (hereinafter "R.A.M.") (hereinafter, collectively, "defendants"), by filing a complaint in civil action in the office of the

prothonotary of Butler County, Pennsylvania. In said complaint, the plaintiffs assert claims for negligence, vicarious liability, and loss of consortium, respectively, relative to the injuries allegedly sustained by the plaintiff, Kenneth D. Meredith (hereinafter "Mr. Meredith") on or about May 20, 2010, at SDI's flat roll steel mill facility situate at 4500 County Road 59, Butler, DeKalb County, Indiana, and the circumstances associated therewith. See generally plaintiffs' complaint.

On or about June 23, 2011, SDI filed preliminary objections to plaintiffs' complaint, arguing that the plaintiffs' complaint should be dismissed pursuant to rule 1028(a)(1) of the Pennsylvania Rules of Civil Procedure because the court of common pleas of Butler County, Pennsylvania, lacks jurisdiction over SDI; alternatively, SDI stated an objection to Mr. Meredith's claim against SDI for vicarious liability at count III of the complaint, arguing that said claim should be dismissed pursuant to Pa.R.C.P. No. 1028(a)(1) for failure to state a claim upon which relief can be granted. See generally defendant's, SDI, preliminary objections to plaintiffs' complaint (hereinafter "preliminary objections"). An argument on SDI's preliminary objections was scheduled and heard by the undersigned on October 5, 2011. Pursuant to an order of court under date of October 5, 2011, this court overruled SDI's objection to Mr. Meredith's claim for vicarious liability at count III of plaintiffs' complaint due to the fact that vicarious liability and personal negligence are recognized as separate causes of action in the Commonwealth of Pennsylvania. See paragraph numbered II of the order of court under date of October 5, 2011.

The court declined to enter a decision on SDI's primary objection, i.e., plaintiffs' complaint must be dismissed pursuant to Pa.R.C.P. 1028(a)(1) Because this court lacks jurisdiction over SDI, until discovery could be conducted by the parties to determine the extent of SDI's business operations within the Commonwealth of Pennsylvania, and allotted the parties sixty (60) days to complete discovery in this regard. See paragraph numbered I of the order of court under date of October 5, 2011. Subsequently, the plaintiffs were allotted an additional ninety (90) days to engage in jurisdictional discovery. See order of court under date of December 1, 2011.

In accordance with the orders of court dated October 5, 2011, and December 1, 2011, respectively, subsequent to the close of discovery on the issue, on or about March 15, 2012, SDI filed a motion to set briefing schedule and argument, thereby moving for further argument on their preliminary objection regarding this court's jurisdiction over it in this action. As such, argument on the jurisdictional issue was scheduled and held before the undersigned on or about April 24, 2012, thereby necessitating the instant memorandum opinion. See order of court under date of March 15, 2012.

The first eight (8) paragraphs of the plaintiffs' complaint identify each of the parties involved in this civil action, include general facts as to their respective residences and/or locations, and provide certain information relative to the named defendants' jurisdictional ties to Butler County, Pennsylvania. While SDI is the only party whose jurisdictional ties to Butler County, Pennsylvania, are presently in question, we shall relay what has been

stated pertaining to each party named in this matter. The plaintiffs, Kenneth D. Meredith and Olive L. Meredith, husband and wife, reside at 110 Red Rose Street, Apartment A, Butler, Butler County, Pennsylvania; thus, it is clear and uncontested that the plaintiffs are residents of Butler County, Pennsylvania. See paragraphs numbered 1 through 3, respectively, of the complaint. It is likewise clear and uncontested that the defendant, R.A.M. Transit Lines, Inc., is a Pennsylvania corporation, with a principal place of business located at 3651 South Noah Drive, Saxonburg, Butler County, Pennsylvania. *Id.* at paragraph numbered 6. The plaintiffs provide that the defendant, Steel Dynamics, Inc., "is a corporation organized and existing under the laws of the state of Indiana, with a principal place of business located at 7575 West Jefferson Boulevard, Fort Wayne, Indiana." See paragraph numbered 4 of the complaint. The plaintiffs go on to allege that, "At all times complained of herein, defendant SDI regularly conducted business transactions and operations in Butler County, Pennsylvania." *Id.* at paragraph numbered 5. Moreover, the plaintiffs maintain that, "At all times complained of herein, defendant [R.A.M.] was acting individually or under the control, authority and direction of defendant SDI as its agent, servant, employee, joint venturer and/or representative." *Id.* at paragraph numbered 7. Furthermore, the plaintiffs claim that, "At all times complained of herein, defendants SDI and [R.A.M.] were acting for their individual and mutual financial gain." *Id.* at paragraph numbered 8.

In support of their claims against the defendants, the facts of plaintiffs' complaint are set forth as follows. The

defendant, SDI, owns and operates a flat roll steel mill facility situate at 4500 County Road 59, Butler, DeKalb County, Indiana (hereinafter "DeKalb County facility"). See complaint at paragraph numbered 9. The plaintiffs allege that SDI entered into a contract with R.A.M. to provide trucking services, and specifically, to transport materials to SDI's DeKalb County facility, "for their mutual benefit and profit." *Id.* at paragraph numbered 10. The plaintiffs further contend that, "defendant SDI controlled [sic] managed and/or supervised the manner and method by which loads were to be transported under its contract with [R.A.M.], including but not limited to the time shipments were to be picked up and delivered, the routes to be taken, payment restrictions, and extensive instructions pertaining to driving, loading and unloading." *Id.* at paragraph numbered 11.

On or about March 29, 2010, it is alleged that R.A.M. entered into an equipment lease agreement with Mr. Meredith "whereby [Mr. Meredith] would be retained as an owner-operator by [R.A.M.] to provide transportation services. See paragraph numbered 12 of the complaint. Subsequently, on or about May 20, 2010, the plaintiffs maintain that SDI directed R.A.M., "to transport and deliver an abrasive, hazardous dry mixture of lime, sand and aluminum shards," to their DeKalb County facility. *Id.* at paragraph numbered 12. Also on or about May 20, 2010, Mr. Meredith was retained by R.A.M. to transport the dry mixture of lime, sand and aluminum shards (hereinafter "lime mixture"), to the DeKalb County facility, "using a tractor owned by [Mr. Meredith] and a dry-bulk trailer and attendant equipment owned by [R.A.M.]." *Id.* at

paragraphs numbered-13 and 14, respectively.

The complaint further alleges that on May 20, 2010, Mr. Meredith arrived at SDI's DeKalb County facility, proceeded through a checkpoint, and made his way to a silo on the premises where he was to deliver the lime mixture. *Id.* at paragraphs numbered 15, 16, and 17, respectively. The plaintiffs maintain that once at the designated silo, a rubber hose with cam locks at both ends was affixed to the silo so as to enable the lime mixture to be transferred from the dry-bulk trailer into the silo. Mr. Meredith then purportedly attached the cam lock at the opposite end of the hose to the dry-bulk trailer and began the unloading process by engaging the blower equipment on the truck, which created pressure to force the lime mixture from the dry-bulk trailer, through the hose, and into the silo. *Id.* at paragraphs numbered 18 through 23, respectively. The plaintiffs allege that at this time, Mr. Meredith "approached the hose to evaluate the unloading process, and the cam lock unexpectedly decoupled," causing the hose to whip "violently and forcefully spray the [lime mixture]." *Id.* at paragraphs numbered 24 and 25, respectively. The plaintiffs further allege that the hose repeatedly struck Mr. Meredith and sprayed him with the lime mixture, which the plaintiffs contend is a hazardous material, thus causing Mr. Meredith to suffer physical injuries. *Id.* at paragraphs numbered 26 and 27, respectively. The complaint goes on to state that Mr. Meredith then deactivated the truck's blower and used the cb radio to contact personnel at the checkpoint of the DeKalb County facility. See paragraphs numbered 28 and 29, respectively, of the complaint. The plaintiffs claim that SDI personnel failed to timely

render first aid treatment to Mr. Meredith, that he did not receive treatment for his injuries until emergency medical technicians arrived at the DeKalb County facility, and that this delay and "the negligent and reckless conduct" of the defendants caused Mr. Meredith to suffer "serious and permanent injuries and damages." *Id.* at paragraphs numbered 30 through 36, respectively.

The foregoing allegations form the basis of the plaintiffs' four-count complaint. See generally, complaint. In count I of plaintiffs' complaint, Mr. Meredith asserts a claim for negligence against SDI. In part, count I alleges that SDI was negligent due to its failure to maintain the hose, as well as the components of the hose, used to unload the lime mixture from the dry-bulk trailer into the silo, and in failing to have readily available and accessible first aid treatment. *Id.* at paragraphs numbered 38(a) through 38(ff), respectively. Moreover, the complaint alleges that SDI was negligent due to its entrustment of the "transportation and unloading of [lime mixture] at the silo on the premises of the [DeKalb County facility] to [R.A.M.], when it knew or should have known that [R.A.M.] was inexperienced, unsafe and/or incompetent." *Id.* at paragraph numbered 38(ee). In count II of plaintiffs' complaint, Mr. Meredith asserts a claim for negligence against R.A.M., stating allegations similar to those listed under count I of the complaint. Mr. Meredith raises a claim for vicarious liability against SDI in count III of plaintiffs' complaint, maintaining that at all relevant times "SDI was acting by and through [R.A.M.], its authorized agent, joint venturer, servant and/or directee," and that "[R.A.M.] was acting in furtherance of the business interests of [SDI]."

See paragraphs numbered 50 and 51, respectively, of the complaint. In their fourth and final count, i.e., count IV of the plaintiffs' complaint, the plaintiff, Olive L. Meredith (hereinafter "Mrs. Meredith"), asserts a claim for loss of consortium against both SDI and R.A.M., alleging that due to Mr. Meredith's injuries, she "has been and will be in the future deprived of the services, assistance, companionship and consortium of her husband and has suffered loss of enjoyment of the ordinary pleasures of life, including marital and family life, and has sustained damages as a result thereof." *Id.* at paragraph numbered 55.

## II. Rule of Law

Under the Pennsylvania rules of civil procedure, preliminary objections may be filed based upon a "lack of jurisdiction over the subject matter of the action..." as well as the "legal insufficiency of a pleading." Pa.R.C.P. No. 1028(a)(1) and Pa.R.C.P. No. 1028(a)(4). The moving party has the burden of supporting its preliminary objections to the trial court's jurisdiction. *Schmitt v. Seaspray-Sharkline, Inc.*, 531 A.2d 801 (Pa. Super. 1987). Once jurisdiction is challenged, the burden of proof falls on the plaintiff to set forth facts establishing that jurisdiction in Pennsylvania is proper. *Barr v. Barr*, 749 A.2d 992,994 (Pa. Super. 2000). Moreover, once the plaintiff has produced some evidence to support jurisdiction, the defendant must come forward with some evidence of his own to dispel or rebut the plaintiff's evidence. The moving party may not sit back and, by the bare allegations as set forth in the preliminary objections, and place the burden upon the plaintiff to negate those allegations. It is only when the moving party properly raises the jurisdictional issue that the burden

of proving jurisdiction is upon the party asserting it. If an issue of fact is raised, the court shall take evidence by deposition or otherwise. The court may not reach a determination based upon its view of the controverted facts, but must resolve the dispute by receiving evidence thereon through interrogatories, depositions, or an evidentiary hearing. *Schmitt v. Seaspray-Sharkline, Inc.* at 803 (citations omitted). "[W]hen deciding a motion to dismiss for lack of personal jurisdiction, the court must consider the evidence in the light most favorable to the non-moving party." *King v. Detroit Tool Company*, 682 A.2d 313,314 (Pa. Super. 1996) (quoting *Scoggins v. Scoggins*, 555 A.2d 1314, 1317 (Pa. Super. 1989).

When considering preliminary objections, the court must accept all material facts set forth in the complaint, as well as all inferences reasonably deducible therefrom as admitted as true, and decide whether, based upon the facts averred, recovery is impossible as a matter of law. *Wiernik v. PHH U.S. Mortg. Corp.*, 736 A.2d 616 (Pa. Super. 1999). The pleader's conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion are not admitted as true. See *Giordano v. Ridge*, 737 A.2d 350 (Pa. Comwlth. 1999). Further, preliminary objections should only be sustained in cases that are clear and free from doubt. *Pennsylvania AFL-CIO ex. Re. George v. Com.*, 563 Pa. 108, 757 A.2d 917 (2000). Additionally, it should be clear from all the pleaded facts that the pleader will be unable to prove facts sufficient to legally establish a right to relief. *Id.* As such, any doubts should be resolved by refusing to sustain the objection. *Ellenbogen v. PNC Bank, N.A.*, 731 A.2d 175 (Pa. Super.

1999).

## III. Discussion

### PLAINTIFFS' COMPLAINT MUST BE DISMISSED PURSUANT TO PA.R.C.P. 1028(a)(1) BECAUSE THIS COURT LACKS JURISDICTION OVER SDI

In their preliminary objections to plaintiffs' complaint, SDI argues that this court lacks subject matter jurisdiction over it as SDI is an Indiana corporation, organized and existing under the laws of the State of Indiana, it has not consented to the jurisdiction of Pennsylvania courts, and the requisite minimum contacts between SDI and the Commonwealth of Pennsylvania under the long-arm statute, 42 Pa.C.S.A. § 5301 et seq., and the due process clause fail to exist. See generally, SDI's preliminary objections. In their supplemental brief in support of preliminary objections to jurisdiction, SDI further contends that, "The record created through discovery shows that SDI has virtually no contacts with Pennsylvania, much less the "continuous and systematic" contacts required for jurisdiction." See page numbered 2 of SDI's supplemental brief in support of preliminary objections to jurisdiction (hereinafter "supplemental brief in support").

A state may exercise in personam jurisdiction over a nonresident defendant based either upon the specific acts of the defendant that gave rise to the cause of action or upon the defendant's general activity within the state. See *Kubik v. Letteri*, 532 Pa. 10, 614 A.2d 1110 (1992); *Derman v. Wilair Services, Inc.*, 404 Pa. Super. 136, 590 A.2d 317 (1991). When a state exercises personal jurisdiction over a nonresident defendant in a suit arising

out of or related to the defendant's contacts with the forum, the state is exercising specific jurisdiction. See *Kubik v. Letteri*, 532 Pa. 10, 614 A.2d 1110 (1992). In order for a Pennsylvania court to assert specific jurisdiction, the cause of action must arise out of the defendant's particular acts or activities within Pennsylvania. See *Efford v. Jockey Club*, 2002 Pa. Super. 100,796 A.2d 370 (2002); *Fidelity Leasing, Inc. v. Limestone County Bd. of Educ.*, 2000 Pa. Super. 244,758 A.2d 1207, 147 Ed. Law Rep. 216 (2000); *Hall-Woolford Tank Co., Inc. v. R.F. Kilns, Inc.*, 698 A.2d 80 (Pa. Super.1997); *Derman v. Wilair Services, Inc.*, 404 Pa. Super. 136, 590 A.2d 317 (1991). General jurisdiction, on the other hand, exists regardless of whether the cause of action is related to the defendant's activities in the Commonwealth, as long as the defendant's activities are continuous and substantial, or continuous and systematic. See *Derman v. Wilair Services, Inc.*, 404 Pa. Super. 136, 590 A.2d 317 (1991); *Efford v. Jockey Club*, 2002 Pa. Super. 100,796 A:2d 370 (2002); *Fidelity Leasing, Inc. v. Limestone County Bd. of Educ.*, 2000 Pa. Super. 244, 758 A.2d 1207, 147 Ed. Law Rep. 216 (2000); *Hall-Woolford Tank Co., Inc. v. R.F. Kilns, Inc.*, 698 A.2d 80 (Pa. Super.1997). Thus, if in personam jurisdiction does not exist, Pennsylvania courts may still exercise general personal jurisdiction over nonresident defendants based upon the defendant's general activity within the forum state. See *Derman v. Wilair Services, Inc.*, 404 Pa. Super. 136, 590 A.2d 317 (1991)

Pennsylvania law provides two bases for a court to exercise in personam jurisdiction over a corporation: general or specific jurisdiction. *Fletcher-Harlee Corp.*

124

*v. Szymanski*, 2007 Pa. Super. 310, 936 A.2d 87 (2007), appeal denied, 598 Pa. 768,956 A.2d 435 (2008) and cert. denied, 129 S. Ct. 1581 (2009). Regardless of whether general or specific in personam jurisdiction is asserted, the propriety of such an exercise must be tested against the state long-arm statute and the due process clause. *Haas v. Four Seasons Campground, Inc.*, 2008 Pa. Super. 136, 952 A.2d 688 (2008), referring to 42 Pa.C.S.A. § 5301(a) and U.S.Const. Amend. XIV.

42 Pa. C.S.A. § 5308 governs jurisdiction based on minimum contacts and provides that, "The tribunals of this Commonwealth may exercise jurisdiction under this subchapter only where the contact with this Commonwealth is sufficient under the constitution of the United States." 42 Pa. C.S.A. § 5308. The question of whether a state may exercise in personam jurisdiction over a nonresident defendant must be tested against both the state's long-arm statute and the due process clause of the fourteenth amendment to the United States constitution. *Kubik v. Letteri*, 532 Pa. 10,614 A.2d 1110 (1992); *Kenny v. Alexson Equipment Co.*, 495 Pa. 107, 432 A.2d 974 (1981).

The due process clause of the fourteenth amendment imposes a limit on the state's exercise of jurisdiction over a nonresident defendant, and protects an individual's liberty interest by not allowing the individual to be subject to the jurisdiction of a foreign forum with which he or she has established no meaningful contacts, ties, or relations. See *Kenny v. Alexson Equipment Co.*, 495 Pa. 107, 432 A.2d 974 (1981); *Kubik v. Letteri*, 532 Pa. 10, 614 A.2d 1110 (1992). The due process limitations on the assertion of specific personal jurisdiction over a nonresident

defendant are as follows: (1) the nonresident defendant must have sufficient minimum contacts with the forum state, and (2) the assertion of in personam jurisdiction must comport with fair play and substantial justice. See *Nutrition Management Services Co. v. Hinchcliff*, 2007 Pa. Super. 167, 926 A.2d 531 (2007); *Kubik v. Letteri*, 532 Pa. 10, 614 A.2d 1110 (1992). Thus, the determination of whether sufficient minimum contacts exist for the exercise of personal jurisdiction to meet constitutional muster is based on a finding that the defendant's conduct and his or her connection with the forum state are such that the defendant could reasonably anticipate being called to defend itself in that forum. See *Kubik v. Letteri*, 532 Pa. 10, 614 A.2d 1110 (1992); *Efford v. Jockey Club*, 2002 Pa. Super. 100, 796 A.2d 370 (2002); *Hall-Woolford Tank Co., Inc. v. R.F. Kilns, Inc.*, 698 A.2d 80 (Pa. Super. Ct. 1997).

In the instant matter, the evidentiary record created through jurisdictional discovery and the laws of the Commonwealth of Pennsylvania support SDI's argument that this court lacks jurisdiction over SDI. The accident that forms the basis for the plaintiffs' lawsuit occurred at the DeKalb County facility in the State of Indiana. See paragraph numbered 9 of the complaint. SDI is an Indiana corporation with its principal place of business in Fort Wayne, Indiana. See affidavit of Richard A. Poinsatte, exhibit "A" of SDI's supplemental brief in support. SDI has no officers or directors in the Commonwealth of Pennsylvania. *Id.* SDI does not maintain a mailing address, post office box, or telephone number in the Commonwealth of Pennsylvania. *Id.* SDI does not own,

lease, or operate real property situate in the Commonwealth of Pennsylvania. *Id.*; see also, Deeds, exhibit "B" of SDI's supplemental brief in support. SDI pays no property taxes in Pennsylvania. *Id.*; see also, 2011 Allegheny County, Pennsylvania, real estate tax statement, exhibit "C" of SDI's supplemental brief in support. There are no SDI employees in the Commonwealth of Pennsylvania. *Id.*; see also, SDI and affiliated entities employee count by location, exhibit "D" of SDI's supplemental brief in support. SDI has no agent to receive service of process in Pennsylvania. See supplemental affidavit of Richard A. Poinsatte, exhibit "E" of SDI's supplemental brief in support. SDI has not paid income taxes in the Commonwealth of Pennsylvania. *Id.* SDI has never purchased advertising directly targeted to Pennsylvania residents. See SDI's answers to plaintiffs' third set of interrogatories, no. 183, exhibit "F" of SDI's supplemental brief in support.

While SDI made purchases from non-party vendors, the record shows that SDI makes no sales in the Commonwealth of Pennsylvania, and purchases are insufficient to confer jurisdiction. See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Whalen v. Walt Disney World Co.*, 274 Pa. Super. 246,418 A.2d 389 (Pa. Super. 1980). All products manufactured by SDI are sold in the State of Indiana to Steel Dynamics Sales North America, Inc. (hereinafter "SDSNA"), a wholly owned subsidiary corporation; SDSNA, in turn, sells the products it purchases from SDI to thousands of different customers throughout the world. See summary of SDI sales to SDSNA from 2005-2010, exhibit "G" of SDI's supplemental brief in support;

SDI's answer to plaintiffs' third set of interrogatories, no. 184, exhibit "F" of SDI's supplemental brief in support. As SDI and SDSNA are separate corporations, SDSNA's contacts with Pennsylvania can only be imputed to SDI for jurisdictional purposes if the two (2) companies do not maintain corporate separation and SDSNA is merely the "alter-ego" of SDI. See *Cannon Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333,45 S.Ct. 250,69 L.Ed. 634 (1924); *Botwinick v. Credit Exchange, Inc.*, 419 Pa. 65,213 A.2d 349 (Pa. 1965). The evidentiary record does not support the contention that SDI and SDSNA do not maintain corporate separation.

The evidentiary record created through jurisdictional discovery likewise demonstrates that "The Techs-A Division of Steel Dynamics, Inc." is a wholly-owned subsidiary of SDI, and is registered with the Pennsylvania Department of State as a fictitious name, and is owned by The Techs Industries, Inc. (hereinafter "The Techs"), and is not a part of SDI. See Pennsylvania Corporations Database Business Entity Filing History, Exhibit "H" of SDI's supplemental brief in support. As the Techs is a wholly-owned subsidiary of SDI whose contacts with the Commonwealth of Pennsylvania cannot be imputed to establish jurisdiction over SDI unless there is evidence that corporate separation has not been maintained; there is no such evidence here.

In light of the foregoing, SDI has clearly established that jurisdiction in the Court of Common Pleas of Butler County, Pennsylvania, is improper as SDI lacks sufficient meaningful contacts with the Commonwealth

of Pennsylvania.

## ORDER OF COURT

And now, May 4, 2012, upon consideration defendant's, Steel Dynamics, Inc., preliminary objections to plaintiffs' complaint, brief in support of preliminary objections to plaintiffs' complaint, plaintiffs', Kenneth D. Meredith and Olive L. Meredith, response to defendant Steel Dynamic [sic], Inc.'s preliminary objections, plaintiffs' brief in opposition to defendant Steel Dynamics, Inc.'s preliminary objections, defendant's, Steel Dynamics, Inc., reply brief to plaintiff's [sic] brief in opposition to defendant's preliminary objections, defendant's, Steel Dynamics, Inc., supplemental brief in support of preliminary objections to jurisdiction, plaintiffs' supplemental response to defendant Steel Dynamics, Inc.'s preliminary objection to jurisdiction, supplemental brief in opposition to defendant Steel Dynamics, Inc.'s preliminary objections as to jurisdiction, defendant's, Steel Dynamics, Inc., reply brief to plaintiffs' brief in opposition to SDI's supplemental brief in support of its preliminary objections to jurisdiction, oral argument thereon, and in accordance with the foregoing memorandum opinion, the defendant's, Steel Dynamics, Inc., preliminary objections to plaintiffs' complaint, relative to lack of jurisdiction are sustained, and this matter is to be forthwith transferred by the prothonotary's office of Butler County, Pennsylvania, to office of the DeKalb County Clerk of Courts, P.O. Box 230, Auburn, Indiana 46706.