**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0767-17T1

ALICIA GARCIA,

      Plaintiff-Appellant,

v.

BRISTLECONE LENDING, LLC,
f/k/a BRISTLECONE FINANCING, LLC,
and BRISTLECONE HOLDINGS, LLC,

      Defendants,

and

DUSTY WUNDERLICH,

      Defendant-Respondent.

_____

Submitted October 3, 2018 – Decided  October 15, 2018

Before Judges Reisner and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0588-17.

The Wolf Law Firm, LLC, and Kim Law Firm, LLC, attorneys for appellant (Henry P. Wolfe and Yongmoon Kim, on the briefs).

Tanenbaum Keale, LLP, attorneys for respondent (Thomas D. Robertson and Timothy Freeman, on the brief).

PER CURIAM

Plaintiff Alicia Garcia appeals from a September 15, 2017 order dismissing with prejudice her complaint asserting Consumer Fraud Act (CFA), Truth-in-Consumer Contract, Warranty and Notice Act (TCCWNA), and veil piercing claims against defendant Dusty Wunderlich for failure to state a claim.[1] We reverse and remand to enable Garcia to take limited discovery on the issue of personal jurisdiction.

The following facts are taken from the record. In February 2015, Garcia entered into a lease-to-own contract with defendant Bristlecone Financing, LLC for home furniture at a Signature Furniture store in New Jersey. Pursuant to the contract, Garcia was to pay the $1,000 purchase price in seventeen monthly payments of $110.12, not including an additional payment of $110.12 at the time of sale and $100.00 in fees. In total, Garcia would have to pay $2,082.16, or approximately 125% more than the original purchase price.

---

[1] The CFA is codified at N.J.S.A. 56:8-1 to -20 and the TCCWNA is codified at N.J.S.A. 56:12-14 to -18.

The contract was computer-generated on Bristlecone letterhead, and included Wunderlich's signature on behalf of the lessor, Bristlecone Financing, LLC. Wunderlich, a Nevada resident, was the CEO of Bristlecone. Bristlecone Lending, LLC was registered to do business in New Jersey. It listed Bristlecone Holdings as the sole managing member. Wunderlich was the sole member of Alethia Holdings, LLC, which owned a majority of Bristlecone Holdings.

Garcia filed a complaint against Bristlecone and Wunderlich in March 2017, alleging the contract she signed with Bristlecone violated New Jersey's criminal usury statute, which prohibits interest in excess of thirty percent. Garcia alleged the contract interest rate was a violation of the CFA, and sought statutory damages for herself and a class of other New Jersey consumers under the TCCWNA. Shortly after Garcia filed her complaint, Wunderlich resigned as CEO, and Bristlecone was dissolved in a bankruptcy proceeding.

Wunderlich filed a motion to dismiss Garcia's complaint against him for lack of personal jurisdiction and failure to state a claim. He certified he had never traveled to or personally engaged in business in New Jersey, except to fly into Newark-Liberty International Airport on his way to New York.

The motion judge dismissed the complaint without prejudice for lack of personal jurisdiction. The judge concluded Wunderlich had not "demonstrated

3

any purposeful availment of the forum . . . [and] had no individual privity to the agreements." The judge concluded Garcia had "not pleaded sufficient facts to pierce the corporate veil" through either the CFA or the TCCWNA.

Garcia filed an amended complaint asserting Wunderlich personally devised criminally usurious schemes to lease pets, furniture, and other goods. The amended complaint alleged Wunderlich created a series of corporations, which he controlled, through which he personally directed the unconscionable conduct, including Bristlecone's furniture contracts in New Jersey.

Wunderlich filed a motion to dismiss Garcia's complaint with prejudice. The judge granted the motion, and in an oral opinion concluded the court did not have personal jurisdiction because Wunderlich's "only minimum contacts appear [to be] his electronic signature on the subject contract which was on behalf of Bristlecone Financing, LLC." The judge found Garcia had not "demonstrated that . . . Wunderlich . . . personally had any purposeful availment to the [forum] and [Garcia] ha[d] not set forth any evidence that . . . Wunderlich has ever transacted any business in New Jersey in his individual capacity." The judge concluded the contracts at issue in Garcia's complaint were "between consumers and Bristlecone . . . [and] Wunderlich was not an individual party to those contracts." The motion judge also noted Garcia had not "alleged any

A-0767-17T1

particularized fact" under the CFA and TCCWNA to warrant "piercing the corporate veil . . . at this time." This appeal followed.

Appellate review of a trial court's ruling on a motion to dismiss is de novo. Watson v. Dep't of Treasury, 453 N.J. Super. 42, 47 (App. Div. 2017). "A complaint should be dismissed for failure to state a claim pursuant to Rule 4:6-2(e) only if 'the factual allegations are palpably insufficient to support a claim upon which relief can be granted.'" Frederick v. Smith, 416 N.J. Super. 594, 597 (App. Div. 2010) (quoting Rieder v. State Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987)). "This standard requires that 'the pleading be searched in depth and with liberality to determine whether a cause of action can be gleaned even from an obscure statement.'" Ibid. (quoting Seidenberg v. Summit Bank, 348 N.J. Super. 243, 250 (App. Div. 2007)). Personal jurisdiction is a question of law, which we also review de novo. Mastondrea v. Occidental Hotels Mgmt. SA, 391 N.J. Super. 261, 268 (App. Div. 2007).

On appeal, Garcia argues the judge erred when she found a lack of personal jurisdiction, because Wunderlich's signature appeared on the contract Garcia signed, proving Wunderlich availed himself of doing business in New Jersey. Garcia asserts she was entitled to jurisdictional discovery of Wunderlich's contacts and role in the company before the court dismissed her

5

complaint. She argues the dismissal should have been without prejudice. Garcia also argues the motion judge did not interpret the CFA and TCCWNA claims broadly, and ignored her corporate veil piercing arguments.

"[D]ue process requires only . . . certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citing Milliken v. Meyer, 311 U.S. 457, 463 (1940)). A plaintiff "must demonstrate that the [out-of-state defendant] had minimum contacts with New Jersey, defined as purposeful acts . . . directed toward this State, that make it reasonable for the [defendant] to anticipate being haled into court here." Mastondrea, 391 N.J. Super. at 268.

A plaintiff "must also demonstrate that those minimum contacts gave rise to the injury claimed by her." Ibid. (citing Giangola v. Walt Disney World Co., 753 F. Supp. 148, 155 (D.N.J. 1990)). A plaintiff must prove the defendant had purposefully availed "itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958) (citing Int'l Shoe Co., 326 U.S. at 319). Therefore, a forum state may have jurisdiction over a defendant "that delivers its products into the stream of commerce with the expectation that they will be

6

purchased by consumers in the forum State." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297-98 (1980) (comparing Gray v. Am. Radiator & Standard Sanitary Corp., 22 Ill. 2d 432 (1961)). Although the mere "existence of a contractual relationship alone is not enough to sustain jurisdiction," a defendant who enters into a relationship and "reasonably . . . contemplated 'significant activities or effects' in the forum state" will be subject to personal jurisdiction. Bayway Ref. Co. v. State Util., Inc., 333 N.J. Super. 420, 431 (App. Div. 2000) (quoting Corporate Dev. Specialists, Inc. v. Warren-Teed Pharm., Inc., 102 N.J. Super. 143, 155 (App. Div. 1968)).

We have stated:

> "When a defendant asserts lack of personal jurisdiction, 'the plaintiff bears the burden of demonstrating that the defendant's contacts with the forum state are sufficient to confer personal jurisdiction on the court.'" Jacobs v. Walt Disney World, 309 N.J. Super. 443, 454 (App. Div. 1998) (quoting Giangola v. Walt Disney World Co., 753 F. Supp. 148, 154 (D.N.J. 1990)). As we noted in Jacobs, "[i]n the early stages of a proceeding 'where the factual record consists of only pleadings and affidavits, plaintiff's burden is satisfied by establishing a prima facie case of jurisdiction.'" Jacobs, 309 N.J. Super. at 454 (quoting Cresswell v. Walt Disney Prod., 677 F. Supp. 284, 286 (M.D. Pa. 1987)). While determination of the issue may be made upon affidavits, our Court Rules specifically allow for oral testimony, depositions and cross-examination when affidavits do not suffice. R. 1:6-6; see also Jacobs, 309 N.J. Super. at 454. In short, further discovery is permitted and may

7

be necessary to resolve the jurisdictional issues. Id. at 462; see also Makopoulos v. Walt Disney World, Inc., 221 N.J. Super. 513, 518 (App. Div. 1987) (remand for further discovery required to determine whether solicitation provided basis for personal jurisdiction)[.]

[Maine v. SeKap, SA Greek Co.-op. Cigarette Mfg., SA, 392 N.J. Super. 227, 243 (App. Div. 2007).]

The motion judge did not make findings regarding Garcia's request for jurisdictional discovery. Pursuant to our de novo review of the record, we are satisfied Garcia's amended complaint and its attachments sufficiently pled allegations regarding minimum contacts that the judge should have permitted limited jurisdictional discovery. As we noted, Garcia's complaint alleged Wunderlich personally devised the usurious leasing schemes, and then created corporate entities, which he used to direct his allegedly unconscionable conduct at consumers in New Jersey. The alleged criminally usurious transactions occurred by way of contracts bearing Wunderlich's signature, executed in New Jersey stores, by retailers who acted as Bristlecone's agents.

Although Wunderlich's certification in support of his motion to dismiss denied such a plan existed, Garcia had no way to refute his claims without discovery. The necessity of jurisdictional discovery was underscored when defense counsel suggested at oral argument before the motion judge that Garcia could depose Wunderlich in Nevada, and then re-file the complaint in New

8

Jersey. However, Garcia would not be able to take such discovery as her complaint had been dismissed. For these reasons, we reverse and remand to the motion judge to permit limited discovery on the issue of personal jurisdiction.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0767-17T1